[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 646.]

THE STATE OF OHIO, APPELLANT, *v.* NAPIER, APPELLEE.

[Cite as *State v. Napier*, 2001-Ohio-1890.]

*Criminal law—All time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191.*

(No. 00-1609—Submitted September 19, 2001—Decided December 19, 2001.)

APPEAL from the Court of Appeals for Stark County, No. 1999CA00331.

————————————

SYLLABUS OF THE COURT

All time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191.

————————————

MOYER, C.J.

{¶ 1} The state of Ohio appeals the decision of the Stark County Court of Appeals that reversed the trial court's denial of defendant's motion for credit toward prison time for days served at a community-based correctional facility ("CBCF").

{¶ 2} On May 29, 1998, David Napier was indicted for violating R.C. 2925.11(A) for possession of cocaine, a fifth-degree felony. Napier pleaded guilty and was sentenced to three years of community control sanctions. A specific condition of Napier's sentence was that he be evaluated by the Stark Regional Community Corrections Center ("SRCCC") or another treatment facility and if accepted "complete any program recommended."

{¶ 3} SRCCC is a residential CBCF located in Louisville, Ohio. The outer doors to the facility are locked, except for the fire doors, which have an alarm strike panel. There are certain areas within the facility where residents can move about

freely; however, there are also restricted areas that residents cannot enter without permission. The outside recreation yard is surrounded by a fence.

{¶ 4} In July 1999, Napier's probation officer filed a motion to modify or revoke the community control sanctions, alleging that Napier had violated four conditions of his sentence. Napier stipulated that he had violated the terms of his community control sanctions. The trial court revoked Napier's community control and sentenced him to a prison term of eight months.

{¶ 5} Napier filed a motion requesting credit for the one hundred ten days he was under the control of SRCCC. Following an evidentiary hearing on the motion, the trial court denied full credit and credited only the first thirty days of lockdown time, the time served at SRCCC during which Napier was not permitted to leave the facility.

{¶ 6} In support of his sole assignment of error on appeal, Napier argued that the trial court erred in denying him a reduction in his prison term for all time served in a CBCF. The court of appeals relied on our decision in *State v. Snowder*, in which we held that "entry into a CBCF constitutes confinement," *State v. Snowder* (1999), 87 Ohio St.3d 335, 337, 720 N.E.2d 909, 911, and ruled that Napier should have received credit for one hundred ten days. The cause is now before this court upon the allowance of a discretionary appeal.

{¶ 7} The issue in this case is whether the entire amount of time served in a CBCF qualifies as "confinement" according to R.C. 2967.191 and should therefore be credited towards a prison sentence after conditions of the community sanctions are violated. The parties disagree regarding application of R.C. 2967.191, which provides:

"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was *confined for any*

*reason arising out of the offense for which the prisoner was convicted and sentenced * * *.*"  (Emphasis added.)

{¶ 8} Both parties agree that under the statute, Napier can receive a reduction of his prison sentence for the thirty days he was in lockdown at SRCCC.

{¶ 9} The issue is the application of the word "confinement" in R.C. 2967.191.  The state argues that "confinement" should not apply en bloc to the entire amount of time spent in a CBCF, such as SRCCC.  Rather, the state equates confinement to a lockdown setting, where a prisoner cannot leave the facility under any circumstances.  Under this reasoning, since Napier was in lockdown for only the first thirty days at SRCCC, he should be credited for that time but not the entire one hundred ten days he was in the facility.  We disagree.

{¶ 10} The state's argument runs contrary to this court's decision in *State v. Snowder.*  In *Snowder,* we rejected the appellant's contention that because he had not been given credit towards his prison sentence for time served at a CBCF, it would be error to convict him of escape for failure to return to the CBCF.  We held that "a defendant in a CBCF is in detention pursuant to R.C. 2921.01(E) and (F), and is subject to conviction for escape pursuant to R.C. 2921.34."  *Id.*, 87 Ohio St.3d at 337, 720 N.E.2d at 911.  Our holding in *Snowder* rested on our determination that Snowder was "confined" for purposes of R.C. 2967.191 while in the CBCF.  We observed that R.C. 2301.52(A)(1) requires a CBCF to "[b]e a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community."  *Id*.  Upon verifying that Snowder was not allowed to leave the CBCF without permission, we concluded, "It appears beyond doubt that entry into a CBCF constitutes confinement."  *Id*.

{¶ 11} It is clear that Snowder and Napier's CBCF settings were similar. During the September 1, 1999 investigative hearing conducted by the trial court, the program director for SRCCC was questioned as follows:

"Q. * * * [W]ould the resident be permitted to come and go as they pleased to these different types of appointments, or do they have to submit a request to somebody, to staff?

"A. They have to submit a request in writing that lists what time they plan to leave the facility, what time they will arrive at the site, what time they will leave that site, and what time they will arrive back at the facility; and the information would also include where they were going and how they were getting there and the purpose for their visit.

"* * *

"Q. * * * [T]hat resident would not be permitted to leave without securing that permission initially, is that correct?

"A. That is correct.

"* * *

"Q. * * * So clearly, sir, you would agree that the residents are not permitted to come and go as they please even after the first 30 days, is that a correct statement?

"A. That is very correct."

{¶ 12} As this exchange clearly demonstrates, at SRCCC Napier was not free to come and go as he wished. He was subject to the control of the staff regarding personal liberties; he was confined just as Snowder had been confined.

{¶ 13} The state attempts to shape to its advantage our statement in *Snowder* that "it appears beyond doubt that *entry* into a CBCF constitutes confinement." (Emphasis added.) *Snowder*, 87 Ohio St.3d at 337, 720 N.E.2d at 911. The state argues that the word "entry" referred merely to the first thirty days Napier was in lockdown at SRCCC, not to his entire one-hundred-ten-day tenure. Our choice of the word "entry" should not produce such a conclusion.

{¶ 14} We apply our holding in *Snowder* to the issue presented here and hold that all time served in a CBCF constitutes confinement for purposes of R.C. 2967.191. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Robert D. Horowitz,* Stark County Prosecuting Attorney, and *Frederic R. Scott*, Assistant Prosecuting Attorney, for appellant.

*Barry T. Wakser*, for appellee.

———————————