DECISION.
Appellant Kyle Merritt, a juvenile, appeals from the March 23, 2001, order of the Hamilton County Juvenile Court that denied him thirty-three days' credit for time served in connection with a delinquency adjudication.
Merritt was charged with committing a rape and was adjudicated delinquent on November 30, 1999. The court placed Merritt on presentence probation pending an investigation and a dispositional hearing. That hearing was ultimately continued until March 17, 2000. Merritt was released from the Hamilton County Juvenile Court Youth Center on January 25, 2000, to a nonsecure facility, the Stay Center,[1] after eighty-two days of detention.
On February 12, 2000, Merritt was charged with a violation of the court order imposed as part of the presentence probation for his delinquency adjudication. On February 18, 2000, Merritt was confined in the Youth Center. Thirty-three days later, Merritt was released to the nonsecure facility. At the several hearings held after March 2000, the juvenile court credited Merritt with the eighty-two days of detention, plus eighteen other days of detention in December 2000 and January 2001. The court refused, however, to credit Merritt for the thirty-three days he was detained in February and March 2000, noting that "the rape had absolutely nothing to do with the reason he was brought back to detention except as it served the underlying reason he was in the Stay Center to begin with."
In his sole assignment of error, Merritt argues that he should have received credit for the thirty-three days he was detained in February and March 2000 for violating the probation order pending the dispositional hearing. The assignment of error is sustained.
R.C. 2151.355(F)(6) provides that a delinquent minor is entitled to credit for "the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection withthe delinquent child complaint upon which the order of commitment is based." (Emphasis added.) See In re Hughley (Feb. 13, 1998), Hamilton App. No. C-970176, unreported; see, also, In re Davish (Dec. 3, 2001), Butler App. No. CA2001-08-188, unreported.
As the February and March 2000 detention was the direct result of violating a pre-sentence probation order issued in connection with the rape-delinquency complaint, Merritt was entitled to credit for time served during that detention. See In re Hughley. Therefore, that portion of the Juvenile Court's judgment awarding time-served credit is vacated, and the cause is remanded to the court to modify its record to reflect an additional credit of thirty-three days of detention served.
Judgment vacated in part and cause remanded.
Gorman, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The state does not contest in this appeal whether Merritt's time at the Stay Center constituted "detention," as defined in R.C. 2152.011(A)(13), thus entitling him to additional time credit. See Statev. Napier (2001), 93 Ohio St.3d 646, 758 N.E.2d 1127, syllabus, interpreting the term "confinement" in the analogous R.C. 2967.191.