OPINION
On July 21, 2000, a complaint was filed charging appellant, Bannon Keeran, a juvenile, with one count of burglary in violation of R.C.2911.12(A)(3) and one count of criminal damaging in violation of R.C.2909.06(A).
On July 27, 2000, appellant entered an admission to the burglary charge. By judgment entry filed July 28, 2000, the trial court approved and adopted the magistrate's decision dismissing the criminal damaging charge and adjudicating appellant delinquent. A dispositional hearing was held on September 7, 2000. By judgment entry filed September 11, 2000, the trial court approved and adopted the magistrate's decision placing appellant in detention "pending non-oral placement review in 14 days."
A review was conducted on September 27, 2000. By order filed same date, the magistrate released appellant from detention and placed him in St. Anthony's Villa in Toledo, Ohio to comply with case plans and treatment plans until "released by this Court."
On April 26, 2001, appellant's probation officer filed a motion for hearing claiming appellant violated his probation. A hearing was held on May 2, 2001. By judgment entry filed May 4, 2001, the trial court approved and adopted the magistrate's decision finding appellant to be a probation violator and ordering detention.
A dispositional hearing was held on May 3, 2001. By judgment entry filed May 4, 2001, the trial court approved and adopted the magistrate's decision committing appellant to the Ohio Department of Youth Services for an indefinite term consisting of a minimum of six months and not to exceed age twenty-one.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT VIOLATED BANNON KEERAN'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN, AT THE ORIGINAL DISPOSITION, THE COURT PLACED BANNON ON PROBATION AND DID NOT IMPOSE A SUSPENDED COMMITMENT AND DID NOT INFORM BANNON THAT A PROBATION VIOLATION COULD RESULT IN A COMMITMENT TO THE DEPARTMENT OF YOUTH SERVICES.
 II. THE TRIAL COURT VIOLATED BANNON KEERAN'S RIGHT TO THE EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION WHEN IT FAILED TO IMPOSE, THEN SUSPEND A COMMITMENT TO THE DEPARTMENT OF YOUTH SERVICES AND WHEN IT FAILED TO INFORM BANNON THAT HE COULD BE COMMITTED TO THE DEPARTMENT OF YOUTH SERVICES IF HE VIOLATED A CONDITION OF HIS PROBATION.
 III. BANNON KEERAN'S RIGHT NOT TO BE TWICE PUNISHED FOR THE SAME OFFENSE AS GUARANTEED BY THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WAS VIOLATED WHEN THE JUVENILE COURT CHANGED HIS COMMITMENT AFTER HE BEGAN SERVICE HIS ORIGINAL SENTENCES.
 IV. THE TRIAL COURT ERRED WHEN IT FAILED TO CREDIT THE DAYS BANNON KEERAN WAS HELD IN THE LICKING COUNTY JUVENILE DETENTION CENTER, MCCLAIN HOUSE AND ST. ANTHONY'S VILLA TOWARD THE BALANCE OF IS COMMITMENT.
 I, II, III
Appellant claims he was not afforded due process and equal protection of the law and was subject to double jeopardy because he was never given a suspended sentence to the Ohio Department of Youth Services as a condition of his probation. We disagree.
The gravamen of these assignments is whether the trial court had the right to commit appellant to the Ohio Department of Youth Services after he had violated his probation. Appellant argues he should not have been given a permanent commitment to the Ohio Department of Youth Services on May 4, 2001 because when probation was imposed on September 27, 2000, he was not given a suspended commitment.[1]
The sentence of the trial court as noted in the magistrate's decision filed September 27, 2000 states the following:
 Youth is to be released from detention but is to remain in the custody of Larry and Charlene Keeran. However, youth is to be placed in St. Anthony's Villa in Toledo, Ohio and is to comply fully with the L.C.D.H.S. caseplan and treatment plan at St. Anthony's. The Court will provide transportation from detention directly to St. Anthony's where youth is to remain as a condition of the suspension of any O.D.Y.S. committment (sic) until released by this Court.
We find this entry does in fact inform appellant of a suspended commitment to the Ohio Department of Youth Services. Although one might argue it is not precise as to the length of the commitment, the trial court, in revoking appellant's conditional release, gave him the minimum commitment available for the offense under R.C. 2151.355(A)(4).
Assignments of Error I, II and III are denied.
 IV
Appellant claims the trial court erred in failing to give him credit for time served in the Licking County Detention Center, McClain House and St. Anthony's Villa. We agree.
Pursuant to R.C. 2151.355(F)(6), a trial court is to determine the total number of days spent in detention "in connection with the delinquent child complaint upon which the order of commitment is based." This amount shall be deducted from the "minimum period of institutionalization." Appellant argues he should be given credit for all of the days he spent in the Licking County Detention Center, McClain House and St. Anthony's Villa. We agree on the authority of State v.Napier (2001), 93 Ohio St.3d 646. See also, In the Matter of Wells
(March 18, 1991), Stark App. No. CA-8287, unreported.
Assignment of Error IV is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is affirmed in part, reversed in part and remanded to said court to determine the exact number of days of credit to be given.
By FARMER, J. and WISE, J. concur. GWIN, P.J. dissents.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part, reversed in part and remanded to said court to determine the exact number of days of credit to be given. Costs to appellant.
[1] Appellant does not contest the fact that on numerous occasions, the magistrate verbally told him if he failed on probation, he could go to prison. July 27, 2000 T. at 6-9; September 7, 2000 T. at 6-11; February 20, 2001 T. at 8-9.