This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, George D. Smith, appeals from the judgment of the Summit County Court of Common Pleas, which denied his request for jail time credit for the time he served in a community based correctional facility. We reverse and remand.
The trial court sentenced Defendant to two years of community control after he pled guilty to Possession of Cocaine, in violation of R.C.2925.11. As a condition of community control, the court ordered that Defendant successfully complete the Community Based Correctional Facility Program ("CBCF") operated by the Oriana House in Summit County. Defendant failed to complete the program. Subsequently, he was charged with one count of Escape, in violation of R.C. 2921.34(A), and one count of Unauthorized Use of a Motor Vehicle, in violation of R.C. 2913.03(B). Defendant was also charged with violating the terms and conditions of his community control.
Defendant pled guilty to all charges. Prior to sentencing, Defendant requested that he be given credit for time served at the CBCF. With respect to the community control violation, the court reinstated the original prison sentence of eleven months for the prior conviction for possession of cocaine. Further, the trial court sentenced him to six months for the crime of escape and six months for the crime of unauthorized use of a vehicle, to be served concurrently with each other and consecutively to the eleven-month sentence. The trial court credited Defendant with only the first thirty days of lock down time he spent in the CBCF. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred by denying [Defendant's] motion for jail-time credit for all time served in the [CBCF].
In Defendant's assignment of error, he argues that the trial court erred in denying his request for jail time credit for the entire time he served in the CBCF. Defendant's assignment of error has merit.
R.C. 2967.191 governs the reduction of a prison term for related days in confinement and provides as follows:
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]
The Supreme Court of Ohio has held that "[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." State v. Napier (2001), 93 Ohio St.3d 646, syllabus. In Napier, the level of the defendant's participation at the CBCF was such that he was not permitted to come and go as he pleased.Id. at 648. "He was subject to the control of the staff regarding personal liberties[.]" Id.
A reviewing court's determination of whether time served in a CBCF constitutes confinement pursuant to R.C. 2967.191 is dependent on a record that evidences the level of restriction placed on the defendant during his participation at the facility. The Supreme Court Rules for Reporting Opinions provides "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." Rep.R. 1(B). Accordingly, the syllabus in Napier applies to cases where the record contains evidence regarding the type of facility and the level of defendant's participation at the facility.
In this case, the trial court ordered credit for time served, "including a total of 30 days (lock down time) in CBCF." Defendant maintains that he is entitled to credit for the entire time he was a resident in the CBCF. Consequently, the issue in this case is whether the time Defendant spent as a resident in the CBCF qualifies as "confinement," according to R.C. 2967.191, and whether that time should have been credited toward Defendant's prison sentence after he violated the conditions of the community control sanction.
There is nothing in the record that indicates whether Defendant's participation in the CBCF was "confinement," as defined in Napier. Therefore, the trial court must reconsider the issue of crediting time served. See State v. Neff (Feb. 7, 2001), Lorain App. No. 00CA007578, unreported, at 3. If the trial court determines that Defendant's participation in the program or a portion thereof was confinement, it must grant jail time credit for that time. Defendant's assignment of error is sustained.
Defendant's sole assignment of error is sustained and the matter is remanded to the trial court for consideration consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BETH WHITMORE