This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kendrick L. Edwards ("Edwards"), appeals the decision of the Summit County Court of Common Pleas denying his motion for credit for time served at the Summit County Community-Based Correctional Facility ("CBCF"). We reverse and remand.
Edwards pleaded guilty to possession of cocaine, in violation of R.C.2925.11. On June 7, 2001, the trial court convicted Edwards of this charge and sentenced him to 2 years of community control with the sanction that he enter and successfully complete the CBCF program operated by Oriana House and follow through with all aftercare counseling and treatment as recommended. The record reflects Edwards violated his community control by failing to complete the CBCF program. On October 12, 2001, the trial court convicted Edwards of a community control violation and sentenced him to 11 months in prison. The trial court granted Edwards credit for 29 days he served in Summit County jail and denied Edwards' motion for credit for time he served in CBCF.
This appeal followed.
Assignment of Error:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR JAIL-TIME CREDIT FOR ALL TIME SERVED IN THE SUMMIT COUNTY COMMUNITY-BASED CORRECTIONAL FACILITY (CBCF)[.]
In his sole assignment of error, Edwards argues that the trial court erred in denying his motion for jail-time credit for the time he served in CBCF. Specifically, Edwards asserts that his motion for credit for time served at CBCF is controlled by State v. Napier (2001),93 Ohio St.3d 646.
R.C. 2967.191 governs the reduction of a prison term for related days in confinement and provides:
 [t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]
The Supreme Court of Ohio has held that "[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." Napier, 93 Ohio St.3d at syllabus. In Napier, the level of the defendant's participation at the CBCF was such that he was not permitted to come and go as he pleased. Id. at 648. "He was subject to the control of the staff regarding personal liberties[.]" Id.
A reviewing court's determination of whether time served in a CBCF constitutes confinement pursuant to R.C. 2967.191 is dependant on a record that evidences the level of restriction placed on the defendant during his participation at the facility. The Supreme Court Rules for Reporting Opinions provides "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." Rep.R. 1(B). Accordingly, the syllabus in Napier applies to cases where the record contains evidence regarding the type of facility and the level of defendant's participation at the facility.
In the present case, the record is dehors of evidence regarding the level of Edward's participation at CBCF. When the trial court fails to provide reasoning for its denial of the motion and the record fails to indicate whether an appellant's participation in a CBCF program was confinement as defined in Napier, the trial court must reconsider the issue of crediting time served in light of the level of defendant's participation at the CBCF. See State v. Neff (Feb. 7, 2001), Lorain App. No. 00CA007578, unreported. At the proceedings where the trial court reconsiders the issue of crediting time, the defendant bears the burden of presenting evidence that demonstrates his level of participation at the CBCF.
Edwards' assignment of error is sustained. We reverse the judgment of the trial court and remand the matter for a determination of whether Edwards' participation in the CBCF was confinement entitling him the jail time credit for time served at CBCF.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.