OPINION
{¶ 1} This action is a habeas corpus proceeding in which petitioner, Keith Drummond, is seeking his immediate release from the Trumbull Correctional Institution. As the basis for his claim, petitioner asserts that his present incarceration in the state prison is illegal because the Summit County Court of Common Pleas has not given him proper credit for the time he "served" in a treatment facility. For the following reasons, this Court holds that the habeas corpus petition must be dismissed because it does not state a viable claim for the requested relief.
{¶ 2} Our review of the habeas corpus petition indicates that petitioner's claim is based on the following factual allegations. In April 2000, petitioner entered a guilty plea to one count of receiving stolen property. After accepting this plea, the Summit County Court of Common Pleas sentenced petitioner to three years of community control. As part of the sentencing judgment, the Summit trial court also ordered him to obtain treatment at the Summit County Community Based Correctional Facility.
{¶ 3} In compliance with the sentencing order, petitioner entered the Summit correctional facility for treatment on May 2, 2000. After completing specific programs for chemical dependency and anger/stress management, petitioner was discharged from the facility on August 30, 2000. Thus, petitioner's stay at the facility lasted one hundred twenty-one days.
{¶ 4} Approximately twenty months later, on April 25, 2002, the Summit trial court issued a new judgment in which it found that petitioner had violated the terms of his community control. In light of this finding, the court held that petitioner was no longer amenable to community control and sentenced him to a definite term of eight months in prison. As part of this judgment, the court also stated that the amount of petitioner's jail-time credit would be determined at a subsequent date.
{¶ 5} One month later, on May 21, 2002, the Summit trial court issued its first judgment on the "credit" issue. In this particular judgment, the court concluded that petitioner was entitled to forty-five days of credit for the period of time in which he was incarcerated in the Summit County Jail immediately prior to his conviction in April 2000. This judgment did not have any reference to the time petitioner had spent at the Summit correctional facility.
{¶ 6} One day after the release of the foregoing judgment, petitioner moved the Summit trial court to grant him additional jail-time credit. Citing State v. Napier (2001), 93 Ohio St.3d 646, petitioner argued that he was entitled to an additional credit of one hundred twenty-one days because the time he had stayed at the Summit correctional facility had constituted "confinement" for purposes of R.C. 2967.191. On June 21, 2002, the court rendered a judgment in which it essentially granted petitioner's motion in part, holding that he was entitled to a credit for the first thirty days he had received treatment at the Summit correctional facility.
{¶ 7} After obtaining a new attorney to represent him, petitioner filed a second motion for additional jail-time credit with the Summit trial court. In the new motion, petitioner noted that, pursuant to R.C.2301.52(A), a community-based correctional facility is considered a "secure facility" because it is required to take certain steps to ensure the safety of the surrounding community. Based upon this, he again argued that he had been "confined" for the entire period he had stayed at the Summit correctional facility. Accordingly, he asserted that he must be given an additional credit of ninety-one days.
{¶ 8} On September 3, 2002, the Summit trial court issued its last judgment concerning the "credit" issue, overruling petitioner's second motion on the matter. As the beginning of its analysis, the court stated that petitioner had been given jail-time credit for the first thirty days of his stay at the Summit correctional facility because he had been subjected to "lockdown" only during that portion of the one hundred twenty-one days. Citing State v. Edwards (Apr. 24, 2002), 9th Dist. No. 20840, 2002 WL 701946, the court then held that the second motion for credit had to be denied because petitioner was not entitled to any credit for the final ninety-one days he had spent at the facility.
{¶ 9} Twenty-one days after the release of the foregoing judgment, petitioner initiated the instant action in habeas corpus. In claiming that he must be released immediately from the state prison because his term of eight months would already be concluded if he had been given full credit for his stay at the Summit correctional facility, petitioner essentially seeks a determination from this court that the Summit trial court erred in overruling his two motions for additional credit. Without making any further assertions as to the nature of the restrictions on his liberty during the final ninety-one days of his stay at the facility, petitioner simply contends that all time spent in a community-based correctional facility must be viewed as "confinement" for purposes of calculating his jail-time credit.
{¶ 10} As was noted above, in twice moving the Summit trial court for additional jail-time credit, petitioner relied heavily on the Ohio Supreme Court's decision in State v. Napier (2001), 93 Ohio St.3d 646. In that case, the trial court's sentencing judgment ordered the defendant to be evaluated at a community-based correctional facility and to take any program recommended by the facility's staff. After the defendant had been discharged from the facility, the trial court revoked his community control and ordered him to serve an eight-month prison term. Upon starting this term, the defendant moved for jail-time credit covering the entire one hundred ten days he had stayed at the community-based correctional facility. The trial court only granted the defendant a thirty-day credit for the time he had been in lockdown; however, the appellate court reversed that determination and entered judgment in favor of the defendant for all one hundred ten days.
{¶ 11} In appealing to the Supreme Court, the state in Napier
argued that the defendant was only entitled to a thirty-day credit because the extent of his actual "confinement" at the community-based correctional facility was limited to the days spent in lockdown. In rejecting this argument and upholding the judgment for the defendant, theNapier court first indicated that, under R.C. 2301.52(A), a community-based correctional facility was required to be a "secure" facility designed to protect the safety of the general community in which it is located. Second, referring to testimony presented to the trial court during a hearing on the motion, the court concluded that the defendant's personal liberties had been restrained during his entire stay at the facility because, even following the initial lockdown period, he had not been free to come and go whenever he wanted. In light of both points, the Supreme Court held that the defendant was entitled to full credit under R.C. 2967.191 because he had been confined for the entire duration of his stay.
{¶ 12} In Napier, the syllabus of the decision states: "All time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." However, in interpreting Napier, the Ninth Appellate District has held that the broad statement in the syllabus must viewed in light of the two points cited by the Supreme Court in the text of the Napier opinion. In State v. Edwards (Apr. 24, 2002), 9th Dist. No. 20840, 2002 WL 701946, the court concluded that a criminal defendant is entitled to credit under the Napier syllabus for "all time served" in a treatment facility only when it is shown that: (1) the facility is a community-based correctional facility under R.C.2301.52(A); and (2) the restraint on the defendant's liberties rose to the same level of restraint which the Napier defendant had to endure. TheEdwards court further concluded that the defendant had the burden of proving that the extent of the restraint rose to the Napier level.
{¶ 13} In light of the fact that the Napier opinion placed equal emphasis upon the nature of the facility and the extent of the restraint, it follows that the Edwards interpretation of the Napier
syllabus is correct. That is, a criminal defendant is not entitled to jail-time credit if he merely shows that he was held in a community-based correctional facility; instead, he must also prove that he was not free to come and go as he wished while he was at facility. Furthermore, since a defendant must satisfy both prongs of Napier to prevail on a motion for credit before a trial court, it also follows that a habeas corpus petition does not state a viable claim for relief if it does not contain allegations concerning the level of restraint on the defendant's liberty while he was at the facility.
{¶ 14} In the instant case, the habeas corpus petition contains the allegation that petitioner was held at a community-based correctional facility while he was treated for substance abuse and other problems. However, the petition does not contain any allegation as to the extent of the restraint to which he was subjected during the final ninety-one days of his stay at the Summit correctional facility. In the absence of an allegation on this point, the petition is not legally sufficient to establish that petitioner will be able to prove that he was "confined" during those ninety-one days and, as a result, entitled to an additional credit under R.C. 2967.191.
{¶ 15} Pursuant to petitioner's own allegations, his release from the Trumbull Correctional Institution would not be warranted at this time unless he was entitled to be given credit for the final ninety-one days he spent at the Summit correctional facility. In light of our foregoing analysis, this court holds that petitioner has not made sufficient allegations to indicate that his present incarceration is illegal. Thus, since petitioner has failed to state a viable claim in habeas corpus, his petition must be dismissed under Civ.R. 12(B)(6).
{¶ 16} Accordingly, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.