OPINION and JOURNAL ENTRY
{¶ 1} On October 8, 2002, pro-se relator filed a petition for writ of mandamus seeking an order to compel respondent, a Common Pleas Judge of Mahoning County, Ohio to give him an additional thirty (30) days of jail time credit towards a sentence imposed by a judgment entry filed on July 8, 1999. At the time relator was sentenced he was granted a credit of "* * * 226 days * * * along with future custody days while Defendant awaits transportation to the appropriate State institution." Relator asserts additional credit is due for his time spent in a community-based correctional facility. He claims entitlement to a total of two hundred thirty-nine (239) days. State v. Napier (2001), 93 Ohio St.3d 646,758 N.E.2d 1127.
 {¶ 2} On October 25, 2002, this court issued an order granting respondent twenty-eight days to file an answer or otherwise respond to the petition.
 {¶ 3} The same day that this court issued its order the respondent filed a motion to dismiss the petition as moot. For cause, respondent states that on October 22, 2002, relator's motion for additional jail time credit was sustained. The entry posted in the underlying criminal cases, Common Pleas Case Nos. 98CR925 and 98CR1024 explicitly grants relator jail time credit of two hundred seventy-three (273) days. This amount exceeds the number of days requested in his petition in mandamus.
 {¶ 4} It is a maxim of law that "a writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed." State ex rel. Breaux v. Court of Common Pleas (1977),50 Ohio St.2d 164. Respondent has accorded relator more relief than prayed for in his petition, or that this court would be able to grant.
 {¶ 5} Respondent's motion to dismiss the petition as moot is sustained. Petition dismissed. Costs taxed against petitioner.
 {¶ 6} Final order. Clerk to serve a copy of this opinion and journal entry on counsel or unrepresented party.
Donofrio, J., Waite, J., and DeGenaro, concur.