OPINION and JOURNAL ENTRY
{¶ 1} On October 7, 2002 pro-se Relator filed a petition for writ of mandamus seeking to compel the Ohio Department of Rehabilitation and Corrections and Ms. Terri Pocza, Records Officer at Belmont Correctional Institution, to give him an additional forty-five (45) days of jail time credit against his aggregate fifty-six (56) month prison term. The days requested represent the time spent between imposition of sentence and transport from the Mahoning County Justice Center to the prison to begin serving his sentence.
 {¶ 2} Respondents have filed a motion to dismiss and assert that mandamus is not available to collaterally attack the amount of jail time credit given and that it is the trial court which calculates the amount of credit to be given, not the institution where incarcerated.
 {¶ 3} A brief review of the relevant history of this case is instructive. On September 20, 1999 a community control sanction was revoked and Relator was sentenced to consecutive terms of imprisonment under Common Pleas Court Case No. 98CR658 to twenty-four (24) months and under Common Pleas Case No. 98CR711 to thirty-two (32) months. On February 2, 2000 the trial court filed an amended entry granting Relator credit of "237 days for jail time served prior to September 20, 1999." (Emphasis added.)
 {¶ 4} Subsequent to the Supreme Court decision announced in Statev. Napier (2001), 93 Ohio St.3d 646, the trial court again modified the amount of jail time credit Relator was to receive. On June 7, 2002, the trial court granted an additional "121 days credit for a total of 358 days credit against Defendant's aggregate 56 month term of sentence."
 {¶ 5} When the penal institution was notified of this specific number of days of jail time credit the records pertaining to Relator were modified. However, Relator contends that since this latest entry did not specify jail time credit prior to September 20, 1999, he actually lost the time previously credited (45 days) awaiting transport to begin serving his sentence. On July 16, 2002 the trial court entered a further order upon a review of the records and case law and found "that three hundred and fifty-eight (358) days total credit for time served is the appropriate amount of credit and that the Entry of June 7, 2002 is adequately worded."
 {¶ 6} Petitioner asserts that he has met the requirements for the issuance of a writ of mandamus. In order to be entitled to the extraordinary writ Relator must show "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes
(1978), 54 Ohio St.2d 41 at 42.
 {¶ 7} Relator asserts entitlement to the credit by statute. Under R.C. 2967.191 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including * * * confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 8} Relator also relies on Administrative Rule 5120-2-04 of the Ohio Department of Rehabilitation and Corrections which recites under paragraph (D):
 {¶ 9} "The number of days, if any, specified in the court's journal entry committing the offender to the department is the court's finding of the number of days the offender is entitled to by law, up to and including the date of the journal entry. The record officer shall reduce the offender's minimum and maximum, definite sentence or stated prison term by the number of days specified in the entry, plus the number of days the offender was confined as a result of the offense, between the date of the entry and the date committed to the department, as reflected in the sheriff's record."
 {¶ 10} On January 29, 2003, Respondents field a motion to dismiss asserting mootness and the availability of a plain and adequate remedy at law barring the use of an extraordinary writ. Attached to the motion is an Affidavit of the Chief of the Bureau of Sentence Computation attesting to the fact that Relator has now been credited with the additional forty-five (45) days of conveyance time, for a total of four hundred three (403) days of jail time credit. By such computation, Relator is now scheduled for release on May 27, 2003, according to the records of the institution where Relator is presently housed. Such action provides the specific relief prayed for in the petition. The extraordinary writ of mandamus will not issue to compel an act already performed. State exrel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278. The petition is now moot.
 {¶ 11} Moreover, the availability of a legal remedy by way of an appeal from the order denying additional days of credit forecloses the use of an extraordinary remedy. As stated in State ex rel. Hill v. Greene,Judge (Dec. 10, 1998), Cuyahoga App. No. 75433, "The relator may challenge any error associated with the calculation of jail time credit through a direct appeal."
 {¶ 12} As Relator did not appeal either the June 7, 2002 order or the July 16, 2002 order, he cannot use a petition in mandamus to present an issue which could have been reviewed on direct appeal.
 {¶ 13} Respondents' motion to dismiss this petition as being moot, since the jail time credit has been administratively adjusted, is sustained. Petition dismissed. Costs taxed against Petitioner.
 {¶ 14} Final order. Clerk to serve notice to counsel or unrepresented party as provided by the civil rules.
Donofrio, Waite and DeGenaro, JJ., concur.