OPINION
{¶ 1} Defendant-appellant, Robert Housley, appeals his sentence in the Clermont County Court of Common Pleas for violating community control sanctions and the computation of credit for time served in a community-based correctional facility. The decision of the trial court is affirmed in part, reversed and remanded in part.
 {¶ 2} On May 6, 1998, appellant entered a written plea of guilty to a violation of gross sexual imposition. The classification and sentencing hearings were held on June 9, 1998. At the sentencing hearing appellant was sentenced to five years of community control. Appellant was placed in an intensive sex-offender probation treatment program. During the hearing, the court indicated that if appellant should violate his community control sanctions, it could impose any term of imprisonment up to the five year maximum.
 {¶ 3} On March 27, 2002, an affidavit for a community control violation was filed as a result of appellant being terminated from his sex-offender treatment program. A hearing was conducted on July 10, 2002. At the hearing, the court found that appellant had violated his community control and sentenced him to three years in the Ohio State Penitentiary. Appellant appeals raising four assignments of error.
Assignment of Error No. 1
 {¶ 4} "The trial court erred in sentencing appellant to a three year prison term for a community control violation because the court failed to comply with O.R.C. 2929.19(B)(5) at appellant's sentencing hearing."
 {¶ 5} Appellant argues that the statutory language of R.C.2929.19(B)(5) and R.C. 2929.15(B) requires that the offender be notified at the original sentencing hearing of the specific prison term that will be imposed if the community control sanctions are violated. Appellant argues that the failure to give notice of the length of the specific prison sentence which the court intends to impose for violating community control, as required by R.C. 2929.19(B)(5) and R.C. 2929.15(B), deprives the court of the power to impose any prison sentence for a community control violation. Appellant argues he was not notified of the length of the specific prison sentence, therefore, the court is prohibited from imposing any prison sentence upon him as a result of a community control violation.
 {¶ 6} We begin with appellant's contention that the trial court violated R.C. 2929.19(B)(5) at the sentencing hearing. R.C. 2929.19(B)(5) provides that:
 {¶ 7} "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender andshall indicate the specific prison term that may be imposed as a sanctionfor the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C.] 2929.14[.]" (Emphasis added.)
 {¶ 8} R.C. 2929.15(B), in turn, provides in relevant part that "[i]f the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction * * *, may impose a more restrictive sanction * * *, or may impose a prison term on the offender pursuant to [R.C.] 2929.14. * * * The prison term, if any, shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the noticeprovided to the offender at the sentencing hearing pursuant to [R.C.]2929.19(B)(3) [sic]." (Emphasis added.)
 {¶ 9} Unlike appellant, we do not believe that a sentencing court is required to notify a defendant of the exact prison term that will be imposed as a sanction for violating a community control sanction. Following appellant's logic, he should be sentenced to the five-year maximum term for violating his community control because that is the term specified by the court at his sentencing hearing. However, this would require the court to impose the maximum term for any minor violation of community control.
 {¶ 10} R.C. 2929.15(B) provides that while a community control violator may be sentenced to prison, any prison sentence imposed "shall not exceed the prison term specified in the notice provided to the [violator] at the sentencing hearing[.]" While R.C. 2929.15(B) clearly prevents a sentencing court from "sentenc[ing] a community control violator to a longer prison term than it originally notified the violator of at the time of the violator's sentencing hearing," there is no similar language preventing the court from sentencing the violator to a lesser prison term than originally notified at the sentencing hearing. See Statev. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010, at *10.
 {¶ 11} The goal of R.C. 2929.19(B)(5) is clearly to put a defendant on notice, at the time of the original sentencing hearing, of a possible prison time which could be imposed should the defendant violate his community control sanction. We believe that a reading of R.C.2929.15(B) and 2929.19(B)(5) in pari materia supports our analysis. Had the legislature intended to require a sentencing court to notify a defendant of the exact prison term that would be imposed as a sanction for violating a community control sanction, it could have done so by replacing the "shall indicate the specific prison term that may beimposed" language of R.C. 2929.19(B)(5) with "shall indicate the specific prison term that will be imposed."
 {¶ 12} That being said, we now consider whether appellant was properly notified of the specific prison term that would be imposed for violating his community control sanction. During the guilty plea hearing, the trial court advised appellant as follows:
 {¶ 13} "Let me advise you, sir, that if you violate your probation, or community control, as it is known, you have the potential to serve five years in prison. Are you aware of that?" Appellant answered, "Yes, Your Honor."
 {¶ 14} The trial court's admonitions clearly put appellant on notice that if he violated his community control sanctions, he had the potential to serve five years in prison. We perceive no prejudice to appellant caused by the trial court's imposition of a shorter sentence than the one the court warned appellant about. In light of the foregoing, we therefore find that the trial court properly notified appellant, in compliance with R.C. 2929.19(B)(5), that a prison term could be imposed for violating the conditions of his community control sanction. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 15} "The trial court erred in failing to sentence appellant to the shortest prison term as required by O.R.C. 2929.14(B)."
 {¶ 16} Appellant argues that a court is obligated to impose the shortest prison term authorized by statute for a violation of community control sanctions when the court fails to make the necessary findings set forth in R.C. 2929.14(B). R.C. 2929.14(B) states:
 {¶ 17} "[i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} The trial court stated, "these kinds of offenses, of course, require at least not the maximum sentence * * * I cannot ignore the reports that I have received, the information that has been brought out in imposing a sentence, which I must take into consideration concerning the purposes, principles and guidelines of sentencing, which is to protect the public. Having said that, sir, it's with that in mind that I'm going to impose a sentence of three years in the Ohio State Penitentiary."
 {¶ 19} The court failed to state on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. However, the trial court is not required to employ the statutory talismanic language when making its findings. See State v.Williams, Cuyahoga App. No. 79273, 2002-Ohio-503.
 {¶ 20} We find that the trial court determined the shortest prison term would not adequately protect the public. Therefore, the second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 21} "The trial court erred in sentencing appellant to a three year prison term because said sentence was not commensurate with the seriousness of the violation of community control."
 {¶ 22} Appellant argues that where there has been a community control violation, a court must focus on determining a punishment that is commensurate with the seriousness of the violation and not the original offense. Appellant contends that there was no evidence presented that he would likely engage in conduct harmful to the public. Therefore, appellant argues "the sentence reflects the court's fear of appellant's potential to reoffend" based upon the information he disclosed in treatment.
 {¶ 23} Appellant argues that he was unfairly terminated from the sex offender treatment program for his refusal to admit the number of his victims, the number of offenses, the frequency and duration of his sexual fantasies, and his attempts to seek out and look at child pornography. However, the United States Supreme Court held that a compulsory prison sex-offender program that required an inmate to disclose uncharged offenses and victims as a condition of continued participation did not violate the inmate's Fifth Amendment right against self-incrimination. See McKune v. Lile (2002), 536 U.S. 24, 122 S.Ct. 2017.
 {¶ 24} The mere fact that the court has given notice that a particular sentence will be imposed if community control is violated does not mean that such a sentence should be imposed upon a community control violation. See State v. Yoh (May 5, 2000), Auglaize App. No. 2-2000-01. Rather, the sentencing court must consider all relevant facts when sanctioning the violation and must select sanctions which are commensurate with the seriousness of the violation and which adequately protect the public from future crime by the offender. See R.C. 2929.11(A). Sanctions for violating community control are not punishment for the original offense, as the original sentence of community control should have been reasonably calculated to punish the offender for his conduct and to protect the public from future crime. R.C. 2929.11(A). Thus, logic dictates that the sentencing court must base its decision sanctioning an offender for a community control violation upon consideration of the nature of the original offense and on the events that have occurred since the original sentencing. State v. Catron III (Dec. 10, 2001), Clermont App. No. CA2001-03-040, at 4.
 {¶ 25} Condition number 12 of appellant's community control sanctions as outlined in the trial court's June 12, 1998 judgment entry states, "the Defendant shall have no unsupervised contact with minors." Condition number six states, "the Defendant shall participate in substance abuse and mental health treatment and counseling as directed by the probation department." Condition number 14 states, "the Defendant shall submit to random polygraph examinations as ordered by the probation department and shall be truthful in all responses to the polygraph examiners, the treatment providers and the probation officers."
 {¶ 26} The record reflects several specific acts committed by the defendant that were violations of the rules of his community control program. Appellant had "unsupervised contact with a 15-year-old daughter of a co-worker." Appellant was not participating in his treatment and counseling program. Diane Pipes, appellant's therapist at the Clermont Counseling Center, stated that appellant was "dishonest regarding a number of things, including the number of victims, the number of offenses, the frequency and duration of his sexual fantasies. He was dishonest regarding his attempts to seek out and look at child pornography." Appellant's polygraph tests also indicated that he was giving dishonest answers to questions about his therapy. Furthermore, appellant admitted his dishonesty. Appellant told his therapist, "Yes, I am withholding information."
 {¶ 27} These rule violations provide the substantial evidence necessary to support the trial court's conclusion that appellant's termination from the treatment program was justified. Cf. State v.Hylton (1991), 75 Ohio App.3d 778, 782-83 (noting that "the quantum of evidence" to justify revocation of probation "must be substantial").
 {¶ 28} During his treatment in the sex-offender program, appellant was sent to Dr. Neal Dunseith, director of the St. Francis sex-offender treatment program. Dr. Dunseith interviewed appellant in order to determine if medication could treat appellant's sexual urges. Dr. Dunseith testified that appellant's failure to complete the treatment program was a clear indication of a high risk of recidivism.
 {¶ 29} Based upon a review of the record, we hold that the punishment is commensurate with the seriousness of the violation. Therefore, the third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 30} "The trial court erred in not granting appellant jail time credit for his confinement at a community-based correctional facility ("CBCF")."
 {¶ 31} Appellant argues that time served in a CBCF constitutes confinement and, pursuant to R.C. 2967.191, he is entitled to credit for time served in such a facility when sentenced to a prison term for violations of community control.
 {¶ 32} The Clermont County Sheriff's Office filed a document entitled "Total Time in Jail Confinement." The Sheriff's Office indicated that appellant had been confined a total of 33 days arising out of the offense for which he was convicted and sentenced. Based upon that document, the court granted appellant 33 days of jail-time credit toward his prison sentence.
 {¶ 33} However, appellant was also placed in the Community Correctional Center. Appellant contends that the trial court failed to account for time he served in the CBCF. The Supreme Court of Ohio has held that "[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." State v. Napier,93 Ohio St.3d 646, 2001-Ohio-1890, syllabus. In Napier, the level of the defendant's participation at the CBCF was such that he was not permitted to come and go as he pleased. Id. at 648. "He was subject to the control of the staff regarding personal liberties[.]" Id.
 {¶ 34} Therefore, a reviewing court's determination of whether time served in a CBCF constitutes confinement pursuant to R.C. 2967.191
requires a record that evidences the level of restriction placed on the defendant during his participation at the facility. Appellant's parole officer testified that the Center is a "six month in-patient lock-down facility."
 {¶ 35} Based on this testimony appellant's assignment of error is well-taken. We reverse the judgment of the trial court and remand the matter for a determination of whether appellant's participation in the CBCF was confinement entitling him the jail-time credit for time served at CBCF.
Judgment affirmed in part, reversed in part, and remanded for further proceedings according to law.
WALSH and POWELL, JJ., concur.