OPINION
{¶ 1} Appellant Patrick McEldowney pled guilty to breaking and entering (R.C. 2911.13(A)), possession of criminal tools (R.C. 2923.24(A)), and vandalism (R.C. 2909.05(B)(1)(a)). He was sentenced to four years community control. He violated the terms of community control, and the trial court revoked the community control sanction. He was then sentenced to a determinate term of twelve months on each of the three counts, to be served concurrently. Appellant moved the trial court for jail time credit for the time he was enrolled in a program at Oriana House. The trial court summarily denied the motion without holding a hearing. Appellant assigns a single error on appeal:
 {¶ 2} "THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT CREDIT FOR TIME SERVED AT THE ORIANA HOUSE.
 {¶ 3} R.C. 2967.191 requires the Department of Rehabilitation and Corrections to reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced.
 {¶ 4} The Ohio Supreme Court has held that all time served in a community-based correctional facility (CBCF) constitutes confinement for purposes of R.C. 2967.191. State v. Napier, 93 Ohio St.3d 646,2001-Ohio-1890, syllabus. However, a reviewing court's determination of whether time served in a CBCF constitutes confinement is dependent on a record that evidences the level of restriction placed on the defendant during his participation at the facility. State v. Edwards, Summit Appellate No. 20840, 2002-Ohio-1973. When the trial court fails to provide any reasoning for its denial of the motion, and the record fails to indicate whether an appellant's participation in a CBCF program was confinement as defined in Napier, the trial court must reconsider the issue of crediting time served in light of the level of the defendant's participation at the CBCF. Id. At the proceeding where the trial court reconsiders the issue of crediting time, the defendant bears the burden of presenting evidence to demonstrate the level of participation at the CBCF. Id.
 {¶ 5} In the instant case, the court summarily denied the motion for credit for time served without a hearing to determine the level of appellant's confinement at Oriana House. The court erred in failing to allow appellant to present evidence to demonstrate his level of participation in the community based correctional facility.
 {¶ 6} The assignment of error is sustained.
 {¶ 7} The judgment of the Stark County Common Pleas Court denying appellant's motion for jail time credit is reversed. This cause is remanded to that court with instructions to hold a hearing to determine the level of appellant's participation and confinement in Oriana House in order to make a determination of whether he is entitled to jail time credit.
By Gwin, P.J., Wise, J., and Edwards, J., concur.