JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant Reginald Crumpton contends that the trial court erred in refusing to reduce his prison term pursuant to R.C.2967.191, by the total number of days that he spent in the "Fresh Start" program. For the reasons set forth below, we reverse and remand for further proceedings as to whether the time spent at "Fresh Start" is confinement.
 {¶ 2} On July 6, 2000, defendant was charged with one count of aggravated robbery. Defendant plead guilty and was sentenced to community control "with the following condition: Defendant is remanded until a bed is available for in-patient drug treatment — longest term possible; attend aftercare; defendant to be supervised by intensive special probation unit of probation; submit to regular drug and alcohol testing; arrest on first positive drug or alcohol test; obtain full-time employment." On September 7, 2001, the trial court determined that defendant had violated the terms of community control and it sentenced him to three years incarceration.
 {¶ 3} Defendant subsequently filed pro se motions for jail time credit, pursuant to R.C. 2967.191, asserting, inter alia, that he had been "confined" at Fresh Start, Inc. for 124 days and that his sentence should be reduced accordingly. The trial court denied the motion in a journal entry which provided in relevant part: "time served in Fresh Start does not count towards time served in a correctional institution. It is not a secured facility — i.e., would be convicted of escape if defendant left the facility and did not return."
 {¶ 4} Defendant now appeals and assigns two interrelated assignments of error.
 {¶ 5} Defendant's assignments of error state:
 {¶ 6} "The trial court erred when it denied the appellant credit for time served in Fresh Start, a rehabilitation facility."
 {¶ 7} "The trial court erred when it denied the appellant credit for time served in a rehabilitation facility without first determining if residence in the facility constituted confinement."
 {¶ 8} Under R.C. 2967.191, the department of rehabilitation and correction "shall reduce the stated prison term * * * by the total number of days that the prisoner was confined for any reason * * * *." A key factor in making this determination is whether the defendant is in a secure facility with lockups and other measures sufficient to ensure the safety of the surrounding community. State v. Snowder, 87 Ohio St.3d 335,1999-Ohio-135, 720 N.E.2d 909. Time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191. State v. Napier,93 Ohio St.3d 646, 2001-Ohio-1890, 758 N.E.2d 1127.
 {¶ 9} As noted by the court in State v. Jones (1997),122 Ohio App.3d 430, 432, 702 N.E.2d 106, the trial court "must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute `confinement' as contemplated by the legislature." Accord State v. Barkus, 2003 Ohio 1757, Richland App. No. 2002 CA 0052; State v. Fattah (Nov. 13, 2000), Butler App. No. CA2000-03-050; State v. Hull, 2003-Ohio-396, Marion App. No. 9-02-51.
 {¶ 10} In this matter, the trial court determined that there was insufficient confinement in the Fresh Start program to warrant the crediting of time served there. While the trial court may indeed be correct, in the absence of a hearing there is no way to confirm that or to otherwise determine the true level of confinement at this facility. In order to ensure a meaningful review of the trial court's determination, we must therefore reverse and remand for a hearing so that a record can be developed as to the nature of defendant's participation in the Fresh Start program and a determination of whether he was "confined" for purposes of the statute. Accord State v. Jones, supra; State v. McComb
(June 25, 1999), Montgomery App. No. 99CA8; State v. Glancy, Licking App. No. 03-CA-23, 2003-Ohio-3580; State v. McEldowney, Stark App. No. 2003-CA-0170, 2003-Ohio-5634; State v. Housley, Clermont App. No. CA2002-07-060, 2003-Ohio-2223; State v. Barkus, supra.
 {¶ 11} The assignment of error is well-taken.
Reversed and Remanded.
Diane Karpinski, J., concurs.
 Colleen Conway Cooney, J., dissents.
 (see attached dissenting opinion)