[Cite as *State v. Lutz*, 2017-Ohio-4077.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105595

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONALD LUTZ

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-01-403228-A, CR-01-404605-A and CR-01-405399-A

**BEFORE:** Boyle, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 1, 2017

**FOR APPELLANT**

Ronald Lutz, pro se
Inmate No. 409-056
Hocking Correctional Institution
P.O. Box 59
Nelsonville, Ohio   45764


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Frank Romeo Zeleznikar
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1}    This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2}    Defendant-appellant, Ronald Lutz, appeals from the trial court's judgment that granted him 177 days of jail-time credit.   Lutz argues that he should have been credited with 212 days of jail-time credit because of the days he spent in the Lakewood city jail and at the Northcoast Behavioral Center as part of a court-ordered psychiatric evaluation.   Plaintiff-appellee, state of Ohio, concedes the error, although it asserts Lutz should receive 211 days of jail-time credit.   After review, we agree with Lutz.

{¶3} Accordingly, Lutz's single assignment of error is sustained and we reverse and remand with instructions.

## I.    Procedural History and Factual Background

{¶4}    In 2011, Lutz had three interrelated criminal cases pending in the Cuyahoga County Common Pleas Court — Cuyahoga C.P. Nos. CR-01-403228-A, CR-01-404605-A, and CR-01-405399-A.    With respect to Case No. CR-01-403228-A, a jury found Lutz guilty of forgery, uttering, attempted theft, extortion, intimidation, and retaliation.   In Case No. CR-01-404605-A, the jury found Lutz guilty of one count of engaging in a pattern of corrupt activity, six counts of retaliation, eight counts of intimidation, and one count of extortion.   And the jury found Lutz guilty of forgery, uttering, and intimidation in Case No. CR-01-405399-A.   The August 2001 sentencing entries state, "Defendant to receive credit for time served."

**{¶5}** On November 16, 2016, Lutz filed a motion for jail-time credit. Lutz argued that he should receive 212 days of jail-time credit because of his confinement from February 1, 2001 through August 31, 2001, related to Case Nos. CR-01-403228-A, CR-01-404605-A, and CR-01-405399-A. Specifically, Lutz presented evidence of his arrest and subsequent confinement in the Lakewood city jail from February 1, 2001 to February 7, 2001. Lutz also presented evidence of his confinement in the Cuyahoga County jail until August 31, 2001, with the exception of his court-ordered psychological evaluation with the Northcoast Behavioral Center from April 19, 2001 through May 17, 2001.

**{¶6}** On February 21, 2017, the trial court granted Lutz's motion for jail-time credit, but it only credited Lutz with 177 days of jail-time credit. The trial court declined to credit Lutz for his confinement in the Lakewood city jail or the time he spent at the Northcoast Behavioral Center for his court-ordered psychiatric evaluation.

**{¶7}** It is from this judgment that Lutz appeals.

## II.    R.C. 2967.191 and 2948.38(I)

**{¶8}** Lutz contends that, pursuant to R.C. 2967.191 and R.C. 2948.38(I), the trial court erred by failing to credit him with jail-time credit for the time he spent in the Lakewood city jail and at the Northcoast Behavioral Center. The state concedes the error. We agree.

**{¶9}** R.C. 2967.191 provides, in pertinent part:

The department of rehabilitation and correction shall reduce the stated

prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

{¶10} R.C. 2929.19(B)(2)(g)(iii) provides, in relevant part:

The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct an error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. * * *

{¶11} Ohio courts have held that the time that a defendant is under confinement, arising out of an action, is required to be credited against a subsequent prison term. *See State v. Fair*, 3d Dist. Auglaize No. 2-99-29, 2000 Ohio App. LEXIS 248 (Jan. 28, 2000). The Ohio Supreme Court has ruled that "confinement" is construed as time in an

institution or program where one is not free to come and go as they wish. *State v. Napier*, 93 Ohio St.3d 646, 648, 758 N.E.2d 1127 (2001); *see also State v. Canty*, 10th Dist. Franklin No. 14AP-715, 2015-Ohio-5241 (the time a defendant is held in another jail until he is transported and arraigned counts towards jail-time credit).

{¶12} In addition, R.C. 2948.38(I) provides for jail-time credit for evaluation and treatment time: "A defendant convicted of a crime and sentenced to a jail or workhouse shall have his sentence reduced by the total number of days he is confined for examination to determine his competence to stand trial or treatment under this section and sections 2945.37 and 2945.371 of the Revised Code." In *State v. Stevens*, 5th Dist. Morgan No. CA00-02, 2000 Ohio App. LEXIS 4613 (Sept. 27, 2000), the Fifth District reversed and remanded a case because the trial court failed to credit the defendant for the days he spent in a mental health facility for a competency evaluation.

{¶13} In this case, the evidence proves that, as a result of Case Nos. CR-01-403228-A, CR-01-404605-A, and CR-01-405399-A, Lutz spent from February 1, 2001 to August 31, 2001 — a total of 212 days — in either the Lakewood city jail, the Cuyahoga County jail, or the Northcoast Behavioral Center. Although the state concedes the error raised by Lutz, it claims that Lutz should receive only 211 days of jail-time credit. The number of days from February 1, 2001 to August 31, 2001, however, totals 212 days. Accordingly, the trial court should have credited Lutz with a total jail-time credit of 212 days.

{¶14} Consequently, the trial court erred when it granted Lutz's motion for

jail-time credit and only credited him with 177 days. Lutz's single assignment of error is sustained.

{¶15} Judgment reversed and remanded. Upon remand, we instruct the trial court to properly credit Lutz with a total of 212 days of jail-time credit in Case Nos. CR-01-403228-A, CR-01-404605-A, and CR-01-405399-A.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR