JUDGMENT ENTRY OPINION
{¶ 1} On January 14, 1998, the Stark County Grand Jury indicted appellant, Catherine Allen, on one count of felonious assault in violation of R.C. 2903.11. On March 16, 1998, appellant pled guilty as charged. By judgment entry filed June 15, 1998, the trial court sentenced appellant to six years in prison.
 {¶ 2} On January 29, 1999, appellant was released from prison and entered Oriana House, a community based correctional facility, on April 12, 1999. On September 8, 1999, appellant failed to return to Oriana House. As a result, appellant's probation was revoked.
 {¶ 3} Following a second failed attempt at a community correctional facility, appellant was sentenced to five years in prison on June 15, 2001, with credit for time served. On March 15, 2004, appellant filed a motion for jail time credit for the time she spent In Oriana House (150 days). By judgment entry filed March 22, 2004, the trial court denied the motion, finding appellant had not completed the program.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in denying appellant's motion for additional jail time credit for time served in a community based correctional facility."
 I {¶ 6} Appellant claims the trial court erred in not giving her jail time credit of 150 days for the time she spent in Oriana House. We agree in part.
 {¶ 7} In State v. Napier (July 24, 2000), Stark App. No. 1999CA00331, this court recognized that community based correctional facilities can be included within the definition of confinement for purposes of R.C. 2967.191 which states as follows:
 {¶ 8} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 9} The Supreme Court of Ohio affirmed our position, but went further and held when the evidence demonstrates that the confinee is "not free to come and go as he wished" and "was subject to the control of the staff regarding personal liberties," the confinement meets the definition of R.C.2967.191. State v. Napier, 93 Ohio St.3d 646, 648,2001-Ohio-1890.
 {¶ 10} The case sub judice poses the same questions which need to be addressed in the record. Appellant requested jail time credit for Oriana House on March 15, 2004. On March 22, 2004, the trial court denied the request without evidence on the record as to the nature of appellant's confinement. Consistent with our opinion in State v. McEldowney, Stark App. No. 2003CA00170, 2003-Ohio-5634, we reverse the trial court's decision and remand the matter for the presentation of evidence on the issue of the nature of appellant's "confinement" in Oriana House.
 {¶ 11} The sole assignment of error is granted.
 {¶ 12} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.