OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant John Owens, Jr. appeals from the January 26, 2004, Judgment Entry of the Tuscarawas County Court of Common Pleas denying his Motion for Jail Time Credit. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 10, 1998, the Tuscarawas County Grand Jury indicted appellant on two counts of passing bad checks in violation of R.C. 2913.11, felonies of the fifth degree. At his arraignment on December 23, 1998, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on July 6, 1999, appellant withdrew his former not guilty plea and pled guilty to both counts in the indictment. As memorialized in a Judgment Entry filed on September 1, 1999, appellant was sentenced to two consecutive twelve month sentences, for an aggregate sentence of twenty four months in prison.
 {¶ 4} On October 12, 1999, appellant filed a Motion for Judicial Release. Pursuant to a Judgment Entry filed on November 10, 1999, appellant's motion was granted and appellant was placed on community control for a period of five years under specified terms and conditions. Subsequently, on April 20, 2000, appellee filed a Motion to Revoke Probation, alleging that appellant had violated the terms and conditions of his community control by using alcohol and by failing "to obey all laws and ordinances in that on/about 4/11/00, the offender was arrested . . . and charged with OMVI, FRA Suspension, No Seat Belt, Reinstatement Fee and Non-Compliance." As memoralized in a Judgment Entry filed on May 15, 2000, after appellant admitted to consuming alcohol while on probation, the trial court found appellant guilty of the probation violation and ordered appellant, as an additional term and condition of probation, to enter and successfully complete the residential program at the Barberton Rescue Mission.
 {¶ 5} Thereafter, on January 24, 2001, appellee filed another Motion to Revoke Probation, alleging that appellant had violated the terms and conditions of his probation as follows:
 {¶ 6} "1) Failed to comply with all laws and ordinances in that on or about 12/25/00 the offender was charged with DUS. . . . .
 {¶ 7} "2) Failed to successfully complete the Barberton Rescue Mission Program in that on or about 1/11/01, the offender was terminated for lying in regards to approved passes, the 12/25/00 DUS, leaving the program on/about 1/9/01 without permission. . . . .
 {¶ 8} At an evidentiary hearing on May 16, 2001, appellant admitted to violating the terms and conditions of his probation by failing to complete the Barberton Rescue Mission Program. The trial court, as memorialized in a Judgment Entry filed on May 23, 2001, granted the Motion to Revoke probation and ordered that the twelve month consecutive terms of imprisonment be imposed and that the same "be served concurrent to the sentence imposed in Case No. 1995 CR 09 0229."[1] The trial court, in its entry, also granted appellant ninety (90) days jail time credit.
 {¶ 9} On December 2, 2003, appellant filed a motion seeking additional jail time credit for the time he spent at the Barberton Rescue Mission and Tuscarawas County Jail. Pursuant to a Judgment Entry filed on January 26, 2004, the trial court denied appellant's motion. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 10} "The Court FINDS that the Defendant received a two-year sentence in Case No. 1995 CR 09 0229 for One Count Grand Theft and Two Counts Theft on August 15, 1996.
 {¶ 11} "The Court further FINDS that on May 16, 2001, in Case No. 1998 CR 12 0238, this Court imposed twelve months consecutive terms of imprisonment for Two Counts Passing Bad Checks, in violation of Ohio Revised Code Section 2913.11, felonies of the fifth degree. This sentence was to be served concurrent to the sentence imposed in 1995 CR 09 0229. The Defendant was granted 90 days jail credit.
 {¶ 12} "The Court FINDS that by Judgment Entry dated April 8, 2003, when the Court considered Motions for Judicial Release in Cases 1995 CR 09 0229 and 1998 CR 12 0238, the Court found that the sentences in said cases expired on February 14, 2003, and that the Defendant was currently serving state penal incarceration from Holmes County, Ohio.
 {¶ 13} "The Court FINDS that this Defendant has received jail time credit for the time spent in the Tuscarawas County Jail, and that the time in these cases has been completed.
 {¶ 14} "The Court further FINDS that time spent in Barberton Rescue Mission is not eligible for jail time credit due to the nature of the program."
 {¶ 15} It is from the trial court's January 26, 2004 Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 16} "The trial court did erred [sic] by not giving defendant credit for all confinement arising out of the conviction in which he was sentence [sic], barberton rescue mission."
 {¶ 17} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 18} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 19} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 20} Appellant, in his sole assignment of error, argues that the trial court erred in denying his motion for additional jail time credit for the time he spent at Barberton Rescue Mission.
 {¶ 21} However, we find it unnecessary to address the merits of appellant's assignment of error. As noted by the trial court in its January 26, 2004, Judgment Entry, appellant has already served and completed his sentence in the case sub judice.[2] Appellant began serving his two year sentence in this matter in May of 2001 and received ninety (90) days jail credit. Thus, appellant's sentence in the case sub judice would have been expired by the time appellant filed his motion on December 2, 2003. From the record, it appears that appellant is currently in jail on a case out of Holmes County, Ohio.
 {¶ 22} Appellant's sole assignment of error is, therefore, moot.
 {¶ 23} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant, in August of 1996, was sentenced to an aggregate sentence of two years in such case on one count of grand theft and two counts of theft.
[2] As is stated above, the trial court, in a Judgment Entry filed on April 9, 2003, denied appellant's Motions for Judicial Release, finding that appellant's sentences in this case and Tuscarawas Case No. 1995 CR 01 0229 had "expired on February 14, 2003, and that the Defendant is currently serving state penal incarceration from Holmes County, Ohio."