[Cite as *State v. Ferguson*, 2015-Ohio-5516.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
|  | JUDGES: |
| STATE OF OHIO | Hon. Sheila G. Farmer, P. J. |
|  | Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
|  |  |
| -vs- | Case Nos. 15 CA 00009 and |
|  | 15 CA 00010 |
| BRYAN K. FERGUSON |  |
|  |  |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case Nos. 11 CR 0070 and 11 CR 0102

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 28, 2015

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JOSEPH A. FLAUTT                     VALERIE K. WIGGINS
PROSECUTING ATTORNEY            107 South Main Street
CINDY M. O'NEIL                     New Lexington, Ohio 43764
ASSISTANT PROSECUTOR
111 North High Street, P. O. Box 569
New Lexington, Ohio 43764

*Wise, J.*

**{¶1}** Appellant Bryan Ferguson appeals from the decisions of the Court of Common Pleas, Perry County, which denied his motion for jail-time credit following his incarceration for violating community control. Appellee is the State of Ohio. The relevant facts leading to this consolidated appeal, stemming from two trial court cases, are as follows.

### *Background of Common Pleas Case No. 11-CR-0070*

**{¶2}** On July 21, 2011, in case number 11-CR-0070, appellant was indicted on two counts of breaking and entering (R.C. 2911.13(A), felonies of the fifth degree), one count of theft (R.C. 2913.02(A)(1), a misdemeanor of the first degree), and one count of attempted theft (R.C. 2913.02(A)(1) and 2923.02(A), a misdemeanor of the second degree).

**{¶3}** On February 9, 2012, appellant entered pleas of guilty to all counts as charged. Appellant was placed on community control for a period of five years, with the condition that he serve ninety days in jail.

### *Background of Common Pleas Case No. 11-CR-0102*

**{¶4}** On November 18, 2011, in case number 11-CR-0102, while the above charges were pending, appellant was indicted on one count of breaking and entering (R.C. 2911.13(A), a felony of the fifth degree), one count of possession of criminal tools (R.C. 2923.24(A), a felony of the fifth degree), and one count of theft (R.C. 2913.02(A)(1), a misdemeanor of the first degree).

**{¶5}** On February 9, 2012, appellant entered pleas of guilty to all counts as charged. Appellant was placed on community control for a period of five years, with the

condition that he spend ninety days in jail, with the incarceration period to run concurrently with that in case number 11-CR-0070.

### 2013 Community Control Violation

**{¶6}** On April 12, 2013, appellant was charged with violating his community control sanctions in case number 11-CR-0070. On May 15, 2013, appellant appeared before the trial court and admitted to violating community control. The court decided to continue his community control, but as an additional condition, appellant was ordered to attend and successfully complete the community transition control program ("CTC") in Lancaster, Ohio.

### 2014 Community Control Violations

**{¶7}** On September 10, 2014, appellant was again charged with violating his community control, this time under both 11-CR-0070 and 11-CR-0102. On October 20, 2014, appellant admitted to the violation in both cases. As a result, via a judgment entry filed in each case on October 23, 2014, appellant's community control was revoked. The trial court further sentenced him to prison for a period of eleven months in each case, for a total of twenty-two months. Appellant was also given credit for 90 days of jail time served under 11-CR-0070 and 207 days of jail time under 11-CR-0102. However, these periods did not include credit for any days spent at the aforementioned treatment at CTC.

### Appellant's Request for Jail-Time Credit

**{¶8}** On February 18, 2015, appellant filed a motion for jail-time credit under both case numbers, therein requesting credit for 103 claimed days of jail-time credit for his CTC treatment, which he alleged had occurred from mid-June 2013 to late September

2013. On March 12, 2015, the trial court denied appellant's motion via judgment entries in each case. [1]

{¶9} On April 1, 2015, appellant filed a notice of appeal under each of the aforesaid trial court case numbers. This Court consolidated the cases via judgment entry on July 17, 2015.

{¶10} Appellant herein raises the following two Assignments of Error:

{¶11} "I. THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS AND ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT THE APPELLANT CREDIT FOR TIME SERVED WHILE THE APPELLANT WAS INCARCERATED IN COMMUNITY TRANSITION CONTROL. THE APPELLANT IS NOW BEING UNLAWFULLY DETAINED.

{¶12} "II. THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS AND ABUSED ITS DISCRETION WHEN IT FAILED TO CONDUCT A HEARING TO DETERMINE THE NATURE OF THE APPELLANT'S CONFINEMENT AT COMMUNITY TRANSITION CONTROL BEFORE DENYING THE APPELLANT'S MOTION FOR JAIL TIME CREDIT. THE APPELLANT IS NOW BEING UNLAWFULLY DETAINED."

I., II.

{¶13} In his First Assignment of Error, appellant contends the trial court abused its discretion and violated his constitutional rights by denying his request for jail-time

---

[1] Our reading of the trial court files indicates that the CTC requirement, which the court added in 2013, was only ordered in 11-CR-0070, even though the subject motion for jail-time credit was filed under both case numbers.

credit. In his Second Assignment of Error, appellant contends the trial court abused its discretion and violated his constitutional rights by failing to conduct a hearing on the issue.

{¶14} R.C. 2967.191 states in pertinent part as follows:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. ***.

{¶15} Accordingly, "[t]ime spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191." *State v. Osborne*, 5th Dist. Richland No. 2009CA0119, 2010-Ohio-4100, ¶ 14, citing *State v. Napier,* 93 Ohio St.3d 646, 758 N.E.2d 1127, 2001-Ohio-1890. Nonetheless, we have recognized that an appeal of a jail-time credit denial is moot where the defendant-appellant has completed his prison sentence. *See State v. Black,* 5th Dist. Richland No. 09-CA-153, 2010-Ohio-2594; *State v. Owens,* 5th Tuscarawas App.No. 2004 AP 03 0022, 2004-Ohio-4604.

**{¶16}** Appellant states in his brief that "the issue will be moot before the case can be remanded for further review ***." *See* Appellant's Brief at 7. Specifically, appellant submits that with the 103 days of requested credit applied, he would have been entitled to release on July 2, 2015. *Id.* at 3. Based on this, we must conclude that appellant has by now completed his community control violation sentences imposed by the trial court on October 23, 2014.

**{¶17}** Appellant's First and Second Assignments of Error are therefore found moot, and we thus will not reach an analysis of the CTC program in regard to R.C. 2967.191, *supra*.

**{¶18}** For the reasons stated in the foregoing opinion, the judgments of the Court of Common Pleas, Perry County, Ohio, are hereby affirmed.


By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.


JWW/d 1209