[Cite as *State v. Guyton*, 2019-Ohio-2286.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-A-0083** |
| - vs - | : | |
| EDWIN M. GUYTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00380.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edwin M. Guyton*, pro se, PID# A681-359, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).


MATT LYNCH, J.

{¶1} Defendant-appellant, Edwin M. Guyton, appeals the judgment of the Ashtabula County Court of Common Pleas, denying his Motion for Additional Jail-Time Credit. For the following reasons, we affirm the decision of the court below.

{¶2} On February 24, 2016, Guyton was found guilty of two counts of Operating a Vehicle While Under the Influence following a jury trial. The trial court ordered Guyton to serve consecutive prison terms of three and five years on the two counts. The court

further ordered that the aggregate eight-year sentence "shall be served * * * consecutively with the sentence imposed by the Ashtabula County Common Pleas Court, [in] Case Number, 14-CR-446." The court noted that "[t]he defendant is granted a jail credit of Fifty-eight (58) days prior [to] this date of sentencing, to-wit: February 24, 2016."

{¶3} Guyton's convictions were affirmed on appeal. *State v. Guyton*, 2016-Ohio-8110, 74 N.E.3d 939 (11th Dist.).

{¶4} On September 14, 2018, Guyton filed a Motion for Additional Jail-Time Credit. Guyton claimed that he "is entitled to jail-time credit for all of the presentence confinement" from June 16, 2015 (the date of his arrest), to February 25, 2016 (the day the Judgment Entry of Sentence was journalized) – a period of 254 days.

{¶5} On September 24, 2018, the trial court overruled Guyton's Motion without a hearing. The court noted that Guyton was only entitled to credit for the days of confinement "arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. As was acknowledged in the Motion for Additional Jail-Time Credit, on August 13, 2015, Guyton was sentenced to a two-year term of imprisonment in Ashtabula County Court of Common Pleas Case No. 2014 CR 00446. Accordingly, he was only awarded 58 days of jail-time credit in the underlying case (from his arrest on June 16 until his sentencing on August 13).

{¶6} The trial court further ruled that, since Guyton was claiming the court made a legal error as opposed to a mathematical or clerical error in calculating jail-time credit, his argument was barred by res judicata. *State v. Perry*, 7th Dist. Mahoning No. 12 MA 177, 2013-Ohio-4370, ¶ 11 ("[l]egal arguments concerning jail time credit are

2

waived if they are not raised in the direct appeal").

{¶7} On October 15, 2018, Guyton filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court erred when it abused its discretion when it denied the appellant's Motion for Jail-Time Credit pursuant to *Fugate* and *Caccamo*."

{¶8} We apply the de novo standard of review appropriate to the review of purely legal issues and/or questions of law. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, *passim*.

{¶9} Guyton bases his claim "to jail-time credit for every day of confinement that the Appellant spen[t] in Ashtabula County Jail until the resolution of * * * case number: 2015-CR-380," on the Ohio Supreme Court decision in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, and this court's decision in *State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006.

{¶10} These cases stand for the proposition that, "when **concurrent** prison terms are imposed, courts do not have the discretion to select only one term from those that are run **concurrently** against which to apply jail-time credit," rather, "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." (Emphasis added.) *Caccomo* at ¶ 15, citing *Fugate* at ¶ 12.

{¶11} *Fugate* and *Caccomo* are distinguishable and do not entitle Guyton to additional jail-time credit inasmuch as his prison terms in Ashtabula County Court of Common Pleas Case Nos. 2014 CR 00446 and 2015 CR 00380 were ordered to be served consecutively.

3

**{¶12}** Additionally, we note that res judicata does not apply to bar Guyton's otherwise meritless argument, at least for the purposes of this appeal. The current version of R.C. 2929.19(B)(2)(g)(iii) provides that "[t]he sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing" regarding jail-time credit under division (B)(2)(g)(i), and that "[t]he offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section." (Footnote omitted.)

**{¶13}** Guyton's sole assignment of error is without merit.

**{¶14}** For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, denying Guyton's Motion for Additional Jail-Time Credit, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.