[Cite as *In re M.K.*, 2022-Ohio-4537.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: M.K. | : | APPEAL NOS. C-220212 |
|  |  | C-220213 |
|  | : | C-220214 |
|  |  | C-220215 |
|  | : | TRIAL NOS. 20-2614z |
|  |  | 19-4797z |
|  | : | 17-6652z |
|  |  | 15-4663z |
|  | : |  |
|  | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: December 16, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender*,* for Appellant M.K.

**BERGERON, Judge.**

{¶1}    Between 2015 and 2020, juvenile defendant-appellant M.K. was adjudicated delinquent for four offenses, for which he received suspended commitments.  In April 2022, after he violated the terms of his probation, the juvenile court imposed all four of his suspended commitments.  M.K. now appeals, challenging the juvenile court's failure to award him the correct amount of confinement credit, as well as claiming a due process violation (based upon inadequate notice) in the court's imposition of two of the commitments.  M.K. also maintains that the juvenile court abused its discretion in imposing a three-year minimum commitment in his most recent adjudication.  However, based on the record at hand, we find no error in the juvenile court's imposition of M.K.'s suspended commitments, and we accordingly affirm the juvenile court's judgments.

I.

{¶2}    M.K. appeals the four commitments to the Ohio Department of Youth Services ("DYS"), which the juvenile court imposed following hearings on April 7 and April 12, 2022.  The history of these four matters gets somewhat confusing, and the procedural postures differ, so we provide the following overview of each commitment.

{¶3}    We begin with M.K.'s most recent adjudication, in the juvenile case numbered 20-2614z (which we will call "Case A" for convenience's sake).  This stems from a charge for what, if committed by an adult, would be aggravated robbery under R.C. 2911.01, a first-degree felony.  M.K. entered an admission to the charge in October 2020, and the court adjudicated him delinquent.  At disposition, the juvenile court placed him on probation, ordering him to complete a residential program at Right of Passage-Hillcrest Training School and issuing a suspended commitment to DYS.

2

{¶4}   The state filed a complaint for a probation violation on April 6, 2022, alleging that M.K. tested positive for alcohol usage.  M.K. entered an admission to this violation at a hearing before the magistrate on April 7.

{¶5}   On April 12, the juvenile court committed M.K. to DYS on Case A for a minimum period of 36 months and a maximum period not to exceed his 21st birthday. The commitment was ordered to be served consecutively to the commitment in Case B (described below).  The juvenile court granted M.K. a total of 624 days of confinement credit for Case A, which included the time he served at Hillcrest.

{¶6}   In the juvenile case numbered 19-4797z ("Case B"), M.K. entered an admission to the charge of what would be robbery under R.C. 2911.02 in March 2020, and the juvenile court adjudicated him delinquent.  At disposition, the court placed him on probation and imposed a suspended commitment to DYS.

{¶7}   The state filed a complaint for a probation violation in Case B on April 8, 2022, alleging that M.K. was unsuccessfully discharged from his court-ordered placement at Hillcrest.  At the April 12 hearing, he entered an admission to the probation violation complaint, and the juvenile court committed him to DYS for a minimum of 12 months and a maximum period not to exceed his 21st birthday.  As mentioned, this commitment would be served consecutively to M.K.'s commitment on Case A.

{¶8}   Next, we turn to the juvenile case numbered 17-6652z ("Case C"), involving a charge for what, if committed by an adult, would be illegal possession of a deadly weapon in a school safety zone under R.C. 2923.122.  M.K. entered an admission to an amended charge of attempt, and the juvenile court adjudicated him delinquent in December 2017.  At disposition, the court placed him on probation with

a suspended sentence. By October 2018, the juvenile court released M.K. from official probation and placed him on nonreporting probation with so-called "monitored time." Monitored time typically requires observance of "all laws and orders" of the court. *In re R.B.*, 2021-Ohio-2112, 174 N.E.3d 480, ¶ 12 (1st Dist.); *In re J.N.*, 1st Dist. Hamilton Nos. C-210317 and C-210387, 2022-Ohio-2109, ¶ 33.

{¶9} At the April 7 hearing before the magistrate, the magistrate, on her own motion, invoked the court's jurisdiction pursuant to Juv.R. 35(A) and continued the matter for a further dispositional hearing to determine if M.K.'s previously suspended DYS commitment in Case C should be imposed. The state subsequently (on April 11) filed a motion to invoke the continuing jurisdiction of the court.

{¶10} At the April 12 hearing before the juvenile court, the court committed M.K. to DYS under Case C for a minimum period of six months and a maximum period not to exceed his 21st birthday, to be served concurrently with the other three commitments in this appeal.

{¶11} Finally, in the juvenile case numbered 15-4663z ("Case D"), M.K. entered an admission to what would be breaking and entering under R.C. 2911.13, a felony of the fifth degree. The juvenile court adjudicated him delinquent in March 2016, placing him on probation with a suspended commitment to DYS. In December 2016, M.K. was "released from official probation and placed on non-reporting probation with monitored time."

{¶12} At the April 7 hearing, the magistrate, on her own motion, invoked the court's continuing jurisdiction pursuant to Juv.R. 35(A) and continued the matter for a further dispositional hearing to determine if the previously suspended commitment

4

to DYS should be imposed. The state also filed a motion in Case D on April 11 to invoke the continuing jurisdiction of the court and impose the suspended DYS commitment.

{¶13} Following the April 12 hearing, the juvenile court committed M.K. to DYS for a minimum of six months and a maximum period not to exceed his 21st birthday. M.K. received 14 days credit for time served. The commitment in Case D was ordered to be served concurrently with those commitments in the preceding three cases.

{¶14} M.K. appeals these four commitments, presenting three assignments of error. In his first assignment of error, M.K. claims that he should receive credit twice for time confined at Hillcrest, once with respect to Case A and once for Case B. In assignment two, he attacks the sufficiency of notice of the imposition of his suspended commitments in Cases C and D. And in his third assignment of error, M.K. contends that the three-year minimum imposed by the juvenile court in Case A should be reduced, both because he did not receive proper notice of the three-year minimum and because the ordered minimum was arbitrary and unreasonable.

II.

{¶15} In his first assignment of error, M.K. maintains that the juvenile court erred in failing to award him the proper confinement credit. M.K. claims to have served 624 days at Hillcrest under Cases A and B, and while the juvenile court granted him credit for those days in Case A, M.K. asserts that he should also receive credit for 528 days purportedly served under Case B.

{¶16} "Generally, an appellate court reviews the trial court's calculation of confinement credit for an abuse of discretion." *In re J.C.E.*, 11th Dist. Geauga No. 2016-G-0062, 2016-Ohio-7843, ¶ 9, citing *In re J.K.S.*, 8th Dist. Cuyahoga Nos.

101967 and 101968, 2015-Ohio-1312, ¶ 8, and *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8. However, when reviewing purely legal issues or questions of law in calculating confinement credit, "[w]e apply the de novo standard of review." *State v. Guyton*, 11th Dist. Ashtabula No. 2018-A-0083, 2019-Ohio-2286, ¶ 8.

{¶17} In sorting through confinement credit issues in the consecutive sentence context, the Ohio Supreme Court explained, "When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22. M.K. resists the application of *Fugate* because it addresses R.C. 2967.191, which governs credit given for time served for adult convictions. M.K. seeks to persuade us by fashioning a statutory construction argument grounded in R.C. 2152.18, which governs credit in juvenile cases.

{¶18} Under R.C. 2152.18(B), when a juvenile court commits a delinquent child to the custody of DYS, "the court shall state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based." Then, DYS shall "reduce the minimum period of institutionalization that was ordered by * * * the total number of days that the child has been so confined as stated by the court in the order of commitment." *Id.*

{¶19} As best we can tell from the record, M.K. was confined at Hillcrest for Case A, and he fails to substantiate on appeal that he was confined at Hillcrest "in connection with" Case B. As we have already explained, M.K. received full credit for

the time he served in connection with Case A. Therefore, based on a statutory analysis, he has not demonstrated that he is entitled to additional confinement credit for Case B, obviating the need to delve into an analysis of whether *Fugate* controls in juvenile cases. Based on the extant record, we accordingly overrule M.K.'s first assignment of error.

III.

**{¶20}** In his second assignment of error, M.K. melds a due process and rule-based argument, insisting that the juvenile court violated Juv.R. 29 and 35 when it imposed commitments in Cases C and D. Fundamentally, he asserts a lack of notice in these two cases.

**{¶21}** "Similar to adults facing criminal charges, juveniles who are subject to delinquency proceedings 'are entitled to proceedings that measure up to the essentials of due process and fair treatment.' " *In re A.S.*, 1st Dist. Hamilton Nos. C-180045 and C-180046, 2019-Ohio-2558, ¶ 9, quoting *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 14. Pursuant to Juv.R. 29, which governs juvenile adjudicatory hearings, "[a]t the beginning of the [adjudicatory] hearing, the court shall do all of the following: (1) [a]scertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance; (2) [i]nform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing * * *." Juv.R. 29(B). Juv.R. 35 also applies to these proceedings, and it provides:

(A) **Continuing jurisdiction; invoked by motion**. The continuing

jurisdiction of the court shall be invoked by motion filed in the

original proceeding, notice of which shall be served in the manner provided for the service of process.

(B) **Revocation of probation**. The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation which the child had, pursuant to Juv.R. 34(C), been notified.

{¶22} According to M.K., since no probation violation complaints were filed in Cases C and D, the juvenile court failed to comply with Juv.R. 29 and 35 in ordering him to serve the previously suspended commitments to DYS in these two cases, dictating reversal. M.K. fails to allege a violation of a specific aspect of Juv.R. 29, but the overall thrust of his argument focuses on Juv.R. 29's notice requirement, essentially conflating that with the alleged Juv.R. 35 violation. We accordingly review the record for a notice violation.

{¶23} While the state did not file a complaint for a probation violation in Case C or Case D, M.K. received notice at the April 7 hearing that all of his suspended commitments were subject to being imposed. The juvenile court magistrate notified M.K. that his actions violated the terms of his probation in Cases A and B. The magistrate also explained to M.K. (who was represented by counsel at this hearing) the impact that his probation violation could have upon Cases C and D:

> I could continue you on probation and your placement at Hillcrest * * * or I could decide to place these matters up before the judge to have the judge decide whether or not you should serve the suspended commitment on these matters. * * * You have a six-month suspension on an attempted possession of a dangerous weapons [sic] or ordinance into [sic] a school safety zone [Case C]. That is six months to age of 21. And, finally, you have an additional six months to age 21 violation on a breaking and entering from 2016 [Case D]. You understand, by your admission to this violation today, that I can place those matters up before the judge to have the judge decide whether or not you should serve those sentences on these charges?

To which M.K. replied, "Yes."

{¶24} Beyond the notice that M.K. received at the April 7 hearing, the state also filed motions to invoke the continuing jurisdiction of the court in Cases C and D on April 11 requesting the imposition of these commitments, consistent with Juv.R. 35(A). From a notice perspective, it strikes us that M.K. was well aware that Cases C and D were on the table for consideration at the April 12 hearing.

{¶25} M.K. nevertheless seeks to draw comparisons to our decision in *In re A.S.*, 1st Dist. Hamilton Nos. C-180045 and C-180046, 2019-Ohio-2558, at ¶ 4, in which, prior to the juvenile admitting to a probation violation, "[n]either the state nor the magistrate mentioned" the possibility of the imposition of his suspended commitment. It was not until after the juvenile admitted to the probation violation that the state requested, for the first time, to impose a suspended commitment from a separate case. *Id*. at ¶ 5. From a review of those facts, we held that the juvenile

9

received insufficient notice in *In re A.S.* However, the situation in *In re A.S.* bears little similarity to the one at hand. Here, M.K. was notified that his suspended commitments may be imposed at a prior hearing, and the state filed motions in Cases C and D before the hearing at which his commitments in these cases were imposed. In other words, M.K. received the notice that A.S. lacked.

{¶26} We see nothing amiss from a due process perspective given that the magistrate advised M.K. that his admission could lead to imposition of the suspended commitments, and the state made filings in all four cases seeking the relief that the juvenile court ultimately granted. Nor does any of this run afoul of the notice requirements contained in Juv.R. 29 or Juv.R. 35. The state filed a motion compliant with Juv.R. 35(A) and the court convened the hearing called for in Juv.R. 35(B) on April 12. Therefore, we reject M.K.'s rule-based and due process arguments concerning the notice afforded with respect to Cases C and D, and we overrule his second assignment of error.

IV.

{¶27} M.K.'s third assignment of error targets the juvenile court's sentencing decision, positing that the court abused its discretion in ordering him to serve a minimum commitment of three years in DYS for Case A. Specifically, M.K. contends that a one-year minimum commitment should have been imposed because the court did not notify him of the minimum commitment it could order at its initial disposition and because the three-year minimum represented an arbitrary and unreasonable sentence.

{¶28} An appellate court reviews a juvenile court's disposition order for an abuse of discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921,

¶ 6. We will thus not reverse the trial court's judgment unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error. *See Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "A juvenile court has broad discretion to craft an appropriate disposition for a child adjudicated delinquent, but its disposition must be reasonably calculated to serve the statutory purposes of juvenile dispositions." *In re D.C.*, 2019-Ohio-4860, 149 N.E.2d 989, ¶ 43 (1st Dist.), citing *In re D.S.* at ¶ 6. "Those purposes are 'to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender.' " *In re D.S.* at ¶ 6, quoting R.C. 2152.01(A).

{¶29} M.K. first faults the juvenile court for failing to notify him at the time of his initial disposition in Case A that the minimum period of commitment for a violation of R.C. 2911.01 is one to three years. A child adjudicated delinquent under R.C. 2911.01 may be committed to DYS for confinement "for an indefinite term consisting of a minimum period of one to three years, as prescribed by the court, and a maximum period not to exceed the child's attainment of twenty-one years of age[.]" R.C. 2152.16(A)(1)(c). The juvenile court has discretion in imposing commitments under R.C. 2152.16(A)(1)(c) for an act that, if committed by an adult, would constitute a violation of R.C. 2911.01. *In re K.D.*, 1st Dist. Hamilton No. C-130689, 2014-Ohio-2368, ¶ 6. At the time of a juvenile's admission, "the trial court bears the burden of explaining to a juvenile the consequences of an admission by explaining the minimum and maximum terms of commitment to [DYS] that might result from the court's

accepting the juvenile's admission." *In re T.B.*, 8th Dist. Cuyahoga Nos. 93422 and 93423, 2010-Ohio-523, ¶ 10.

{¶30} M.K. does not raise an objection to the information provided by the juvenile court on April 12, when the suspended commitment in Case A was imposed; rather, he takes issue with the information provided to him at his initial disposition in October 2020. Specifically, M.K. alleges that the juvenile court failed to notify him of the minimum commitment he faced in the event that his suspended commitment was imposed. However, M.K. did not appeal the initial disposition when it occurred, nor does he cite to any authority requiring a juvenile court to specifically advise the juvenile of the minimum commitment involved in this context. But if we consider this from a notice perspective, prior to M.K.'s admission to the probation violation, the court advised M.K. that he was facing "a sentence on this charge of one year incarcerated up to [his] 21st birthday." Therefore, to the extent that M.K. advances a notice/due process argument, we are not persuaded.

{¶31} Aside from the process employed, M.K. also challenges the substance of his sentence, portraying the three-year minimum as arbitrary and unreasonable. In this regard, he features all of the progress he made during probation, such as engaging in therapy, completing several residential programs, graduating high school, and participating in a mentorship program.

{¶32} While M.K.'s achievements are commendable, we find no error in the length of his commitment in Case A. The commitment fell within the statutory range. On the record, the juvenile court weighed M.K.'s delinquency record, his risk of recidivating, and his various probation violations—including the failure to complete the Hillcrest program, alcohol use, and other inappropriate conduct—in imposing the

commitment. These considerations lead us to conclude that the juvenile court's adjudication was reasonably calculated to achieve the purposes of R.C. 2152.01(A), and we see no abuse of discretion in the court's decision to impose a three-year minimum in Case A. We accordingly overrule M.K.'s third assignment of error.

\* \* \*

{¶33} In light of the foregoing analysis, we overrule all three of M.K.'s assignments of error and affirm the judgments of the juvenile court.

Judgments affirmed.

**MYERS, P.J.,** and **ZAYAS, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.