[Cite as *In re A.P.*, 2025-Ohio-219.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

IN RE: A.P.

C.A. No.     2024CA0018-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2020 10 DQ 0312

DECISION AND JOURNAL ENTRY

Dated: January 27, 2025

STEVENSON, Presiding Judge.

{¶1}   Appellant A.P. appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division, denying his motion for recalculation credit. For the reasons set forth below, this Court reverses and remands.

I.

{¶2}   In 2019, a complaint was filed in the Medina County Juvenile Court, case number 2019 10 DQ 0307, that alleged A.P. was a delinquent child by reason of committing acts that would constitute gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4) and R.C. 2907.05(C)(2), a felony of the third degree if committed by an adult ("2019 case"). A.P. was admitted to Hittle House shortly after the 2019 complaint was filed. A.P. admitted the allegations in the 2019 case and was adjudicated a delinquent child. The disposition of the 2019 case included a suspended disposition to the Ohio Department of Youth Services ("DYS") and a requirement that A.P. continue treatment at Hittle House.

{¶3}    In 2020, a complaint was filed in the Medina County Juvenile Court, case number 2020-10-DQ-0312, that alleged A.P. was a delinquent child by reason of committing acts that would constitute rape where the victim was less than 10 years of age, a violation of R.C. 2907.02(A)(1)(b) and R.C. 2907.02(B), a felony of the first degree if committed by an adult; attempted rape where the victim was less than 10 years of age, a violation of R.C. 2923.02, R.C. 2907.02(A)(1)(b), and R.C. 2907.02(B), a felony of the first degree if committed by an adult; and GSI where the victim was less than 13 years of age, a violation of R.C. 2907.05(A)(4) and R.C. 2907.05(C)(2), a felony of the third degree if committed by an adult ("this case" or "2020 case"). The new allegations arose from conduct that occurred prior to A.P.'s placement at Hittle House in connection with the juvenile child complaint in the 2019 case.

{¶4}    A.P. denied the new allegations at his initial court appearance on December 14, 2020.  Among other interim orders, the magistrate ordered at the initial appearance that A.P. follow all treatment recommendations through Hittle House.

{¶5}    On January 21, 2021, A.P. admitted to the allegation of rape, a violation of R.C. 2907.02(A)(1)(b) and R.C. 2907.02(B), an offense which if committed by an adult would be a felony of the first degree, and the juvenile court found that he was a delinquent child. The attempted rape and GSI allegations were dismissed. The juvenile court ordered on this date the continued placement of A.P. at Hittle House pending disposition.

{¶6}    After finding A.P. a delinquent child by reason of violating R.C. 2907.02(A)(1)(b) and R.C. 2907.02(B), rape, an offense which if committed by an adult would constitute a felony of the first degree, the court held a dispositional hearing on March 18, 2021. It ordered that A.P. be classified as a Tier III sexual registrant, and it committed A.P. to the legal custody of the DYS for an indefinite term with a minimum of one year and a maximum period not to exceed A.P.'s

attainment of 21 years. The juvenile court suspended the commitment upon A.P. complying with all rules and conditions of probation. One condition of probation was that A.P. continue treatment at Hittle House. A.P. failed to complete his treatment at Hittle House and was later transferred to Lighthouse Youth and Family Services ("Lighthouse").

{¶7}    A.P.'s probation officer alleged on April 4, 2023, that A.P. violated the rules of his probation in this case when he left Lighthouse. A.P. denied the probation violation at an April 17, 2023, hearing. The magistrate ordered that A.P. remain at the Medina County Juvenile Detention Center ("JDC") until the next court hearing.

{¶8}    A.P. admitted to the probation violation at a May 12, 2023, detention hearing. A.P. remained at the JDC pending disposition on the probation violation.

{¶9}    The juvenile court held a disposition hearing on the probation violation on June 2, 2023. The juvenile court found that A.P. is a delinquent child by reason of committing rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2907.02(B), an offense which if committed by an adult would constitute a felony of the first degree. The court imposed the suspended commitment to DYS for an indefinite term with a minimum of one year and a maximum period not to exceed A.P.'s attainment of 21 years, with credit for 56 days served at JDC. The juvenile court recognized in its judgment entry that A.P. had been at "four out-of-home placements[,]" including Hittle House, and that A.P. "has participated in . . . court-ordered programming[]" including "[r]esidential Sex Offender Treatment at Hittle House, from December 11, 2019 to November 29, 2022, unsuccessful completion." The juvenile court also found that "[c]ontinuation in the home would be contrary to the welfare of [A.P.]." The court noted that A.P. has also been adjudicated delinquent for GSI in the 2019 case as well as a probation violation in that case.

{¶10} A.P. moved for recalculation of confinement credit, arguing that he should have been given 816 days of confinement credit rather than 56 days. A.P. argued that Hittle House is a secure facility and that pursuant to R.C. 2152.18(B) and *In re D.S.*, 2016-Ohio-7369, the juvenile court was required to give him credit for the 760 days he was at Hittle House beginning when the 2020 case was filed.

{¶11} The juvenile court held that A.P. "was not sent to Hittle House in, nor was his time there extended by, this case[]" and it denied A.P.'s motion for recalculation of confinement credit. A.P. appeals the trial court's judgment entry, asserting one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

**THE JUVENILE COURT ERRED WHEN [IT] DENIED A.P.'S MOTION FOR RECALCULATION OF CONFINEMENT CREDIT FOR THE 760 DAYS HE WAS CONFINED AT HITTLE HOUSE IN CONNECTION WITH THE DELINQUENT CHILD COMPLAINT FOR WHICH HE WAS LATER COMMITTED TO DYS, IN VIOLATION OF R.C. 2152.18(B), *IN RE D.S.*, . . . 2016-OHIO-7369 . . . , THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.**

{¶12} A.P. argues in his sole assignment of error that the juvenile court erred when it failed to give him confinement credit for the 760 days he was at Hittle House, starting from when the 2020 case was filed. For the foregoing reasons, we reverse in part and remand in part.

## Standard of Review

{¶13} The trial court found that A.P. was not entitled to confinement credit in this case for the time he spent at Hittle House and it denied his motion to recalculate. A juvenile court's disposition will generally be upheld absent an abuse of discretion. *In re H.V.*, 2014-Ohio-812, ¶ 8, citing *In re D.S.*, at ¶ 6. The sole issue raised on appeal, however, is whether the trial court correctly calculated A.P.'s confinement credit. Because this issue is purely a legal issue as it pertains to the

juvenile court's calculation of A.P's confinement credit, we apply a de novo standard of review. *In re M.K.*, 2022-Ohio-4537, ¶ 16 (1st Dist.), citing *State v. Guyton*, 2019-Ohio-2286, ¶ 8 (11th Dist.).

## COMMITMENT CREDIT

{¶14}  R.C. 2152.18 addresses the credit juveniles are to receive towards their DYS commitment. R.C. 2152.18(B) states:

> When a juvenile court commits a delinquent child to the custody of the department of youth services . . . , the court shall state in the order of commitment the total number of days that the child has been **confined in connection with the delinquent child complaint upon which the order of commitment is based**. . . . The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.

(Emphasis added.)

{¶15}  The Ohio Supreme Court has noted that, pursuant to "[t]he plain language of R.C. 2152.18(B) . . . a juvenile is to receive credit for time he or she was 'confined *in connection with* the delinquent child complaint upon which the order of commitment is based.'" (Emphasis in original.) *In re D.S.,* at ¶ 15. The Court clarified that "in connection with" includes the time the juvenile "served in a rehabilitation or treatment facility while awaiting the adjudication or disposition of the original delinquency complaint as well as the time the juvenile is held in one of those facilities on a complaint for a probation violation related to the original delinquency complaint." *Id.* at ¶ 17, citing *In re Thomas*, 2003-Ohio-5162, ¶ 10, 13.  The Court explained that "'[s]uch detention goes to the original disposition in the case and is sufficiently linked to the adjudication of the original [allegations] that credit is required by the statutory language.'" *Id.*, quoting *Thomas* at ¶ 13. While the court's analysis of R.C. 2152.18(B) in *In re D.S.* applies to this

appeal, the facts of *In re D.S* are distinguishable from the facts of this case. The confinement in *D.S.* involved confinement in two separate facilities and for one course of conduct, while A.P.'s conduct occurred in two separate courses of conduct but in one facility.

{¶16} The Court recognized in *D.S.* that "[a] judge enjoys a great deal of discretion in sentencing, particularly a juvenile court judge in fashioning a rehabilitative disposition." *Id.* at ¶ 20. The decision to credit confinement days, however, is not part of the disposition. *Id.* "In R.C. 2152.18(B), the General Assembly was clear in its mandate: juveniles are entitled to credit for the period they are confined prior to disposition of a delinquency complaint." *Id.* at ¶ 21. Hence, "[j]udges must grant confinement credit under R.C. 2152.18(B) if the confinement stems from an original complaint and is sufficiently linked to the adjudication of the [allegations] upon which the juvenile court orders commitment." *Id.* at ¶ 22.

{¶17} A.P. argues that the juvenile court repeatedly ordered his placement at Hittle House in this case and that he is entitled to confinement credit pursuant to R.C. 2152.18(B) and *In re D.S.* The State argues that this case arose from a separate allegation from the 2019 case in which he was originally ordered to complete Hittle House and, therefore, the trial court correctly determined A.P. was not entitled to credit for the 760 days at Hittle House in this matter.

{¶18} A complaint was filed alleging A.P. is a delinquent child in this case on October 30, 2020, and he first appeared before the magistrate on December 14, 2020. The magistrate ordered at A.P.'s first appearance that A.P. follow the requirements and treatment recommendations of Hittle House and that all Hittle House reports be sent to the court. When A.P. admitted to the allegation of rape, the juvenile court found A.P. to be a delinquent child and it ordered that A.P. remain at Hittle House pending disposition. At the disposition, the juvenile court found that A.P. is a delinquent child and it committed A.P. to DYS for institutionalization for an indefinite term

consisting of a minimum of one year and a maximum not to exceed A.P.'s attainment of 21 years. A.P.'s commitment was suspended and contingent upon A.P. complying with the rules and conditions of his probation. A condition of probation was that A.P. "continue residential treatment at Hittle House[]" and that he "obey the rules of Hittle House . . . ." A.P. remained at Hittle House until November 29, 2022. None of the orders in this case indicated he was being held in Hittle House solely as a condition of the delinquent child complaint in the 2019 case. The operative language for determining if a youth offender receives confinement credit in R.C.2512.18(B) requires that the offender be "confined *in connection with* the delinquent child complaint upon which the order of commitment is based." (Emphasis added.) By ordering A.P. to residential treatment at Hittle House in this case, he was subject to sanctions in this case if he failed to complete his treatment at this facility. Thus, Hittle House was connected with the delinquency allegations in this matter.

{¶19} The juvenile court found that A.P. was not entitled to credit for his time at Hittle House because he "was not sent to Hittle House in, nor was his time there extended by, this case." However, the statutory standard is not whether his time was extended at Hittle House because of the delinquent child complaint in this case, but rather, was his time in Hittle House connected with this case. The record establishes that the juvenile court repeatedly ordered A.P.'s placement at Hittle House in this case. The sex offender treatment he was receiving at Hittle House was certainly connected with the delinquent child complaint in this case. The court ordered A.P.'s placement at Hittle House in its December 14, 2020, magistrate's decision, and January 21, 2021, and March 18, 2021, judgment entries as a result of the delinquent child complaint, thus making his time in Hittle House from December 14, 2020, connected with the delinquent child complaint in this case. Following the rationale of *D.S.*, ordering confinement in Hittle House that was tailored to the

delinquent child complaint in this case, make A.P.'s confinement "sufficiently linked" to the complaint in this case for A.P. to receive credit for his confinement under R.C. 2152.18(B). *In re D.S.*, 2016-Ohio-7369, at ¶ 22.

{¶20} The State argues that this Court should follow the Fourth District's analysis in *In re O.H.*, 2010-Ohio-1244 (4th Dist.) and find that A.P.'s time at Hittle House on the 2019 case does not represent time "in connection with" this case. O.H. was on probation in a 2006 case when new allegations were filed against him in 2009. Based on the new 2009 allegations, it was also alleged that the juvenile violated the terms of probation in the 2006 case. The record was clear in *In re O.H.* that, although a probation violation was alleged in the 2006 case, the trial court did not order that the juvenile be detained in that case. Rather, "it [was] clear from the record that the trial court never placed O.H. in detention pending the final disposition of the alleged probation violation at issue. Instead, the court placed him in detention pending the final disposition of the [2009] complaint." *Id.* at ¶ 11. Based on the clear record, the court found that "O.H.'s time in detention on the [2009] complaint does not represent time in detention 'in connection with' the [2006] complaint under R.C. 2152.18(B)[]" and that, "[t]herefore, the trial court correctly denied O.H.'s request for credit for this time." *Id.*

{¶21} The record is also clear in this matter. The trial court ordered A.P.'s placement at Hittle House in this case starting on December 14, 2020. *See* R.C. 2152.18(B). Not only did the trial court order A.P.'s placement at Hittle House, but it also ordered that "[a]ll [Hittle House] Reports shall be brought to or sent to the Court[.]" If the Court wished him to be held in Hittle House solely on the delinquent child complaint in the 2019 case it should have clearly stated so in its orders as the trial court did in *In re O.H.*

**{¶22}** A.P. is asking for 760 days' credit, starting with the date the complaint was filed in this case. Based on our review of the juvenile court's orders, we conclude that A.P. was at Hittle House "in connection with" this case from December 14, 2020, when the first order was issued in this case placing him into Hittle House until November 29, 2022, a total of 715 days. *See* R.C. 2152.18(B); *In re D.S.* at ¶ 15. We conclude that A.P. is entitled to credit for this time at Hittle House in this case but only if he was in "confinement" at said facility.

## Confinement

**{¶23}** A.P. is entitled to credit for his time at Hittle House if he was "confined." "Confined" is not defined in R.C. Chapter 2152. The Ohio Supreme Court has defined "confinement" as time spent at any facility in which a person is "not free to come and go as he wishe[s]." *State v. Napier*, 93 Ohio St.3d 646, 648 (2001). In determining whether a facility is "confinement," the Supreme Court has looked at the definition of the facility as well as the nature of the offender's experience at the facility. *Id.* The Supreme Court found in *Napier* that time spent at a community-based corrections facility ("CBCF") was "confinement" as the facility exercised effective control over the offender's ability to leave. *Id.* The offender was confined at CBCF as he was not allowed to leave without approval from the facility's manager. *Id.*

**{¶24}** The court in *In re D.P.*, 2014-Ohio-5414 (1st Dist.) addressed *Napier's* definition of "confinement." Like A.P., the appellant argued in *D.P.* that the juvenile court violated R.C. 2152.18(B) when it failed to credit the time he spent at the Hillcrest School towards the balance of his commitment to DYS. Recognizing that "confined" is not defined in the statute, the court ruled that in determining whether a youth has been "confined" "juvenile courts must review the nature of the facility, to see if it is a secure facility with measures sufficient to ensure the safety of the surrounding community." *Id.* at ¶ 18, citing *Napier* at 648. The court held that juvenile courts

"must also review the nature of the restrictions on the juvenile at the facility to determine if the juvenile was 'free to come and go as he wished' or if he was 'subject to the control of the staff regarding personal liberties' as contemplated by *Napier*." *Id.* The appellate court in *In re D.P.* remanded the matter for the juvenile court to determine whether the youth was "confined" within the meaning of R.C. 2152.18(B) when at the Hillcrest School. *Id.* at ¶ 20.

{¶25} The juvenile court denied A.P.'s motion for recalculation of confinement credit, finding that A.P. "was not sent to Hittle House in, nor was his time there extended by, this case." In light of this holding, the juvenile court did not proceed to determine or address the issue of whether A.P. was "confined" at Hittle House within the meaning of R.C. 2152.18(B). Based on the juvenile court's decision, A.P. has focused his arguments on appeal solely on whether he should be entitled to credit for his placement at Hittle House and not whether Hittle House qualifies as confinement. However, he presented evidence to the juvenile court that he was confined at Hittle House by attaching emails from Hittle House that purportedly support that argument. The State has not argued, either to the juvenile court or this Court, that A.P. was not "confined" at the facility.

{¶26} As set forth above, this Court concludes that A.P. is entitled to credit for the time the trial court ordered his placement at Hittle House in this case if he was "confined" at the facility. From the record before us, we cannot determine if the State objects to Hittle House being considered as confinement. This Court declines to make any factual findings in the first instance regarding confinement under the statute, but rather follows *In re D.P.* and remands the matter back to the trial court to make that decision in the first instance. *Id*. at ¶ 20. We act as a reviewing court and should not reach questions in the first instance. If we do, we "effectively depriv[e] the non-prevailing party of appellate review.'" *Guappone v. Enviro-Cote, Inc.*, 2009-Ohio-5540, ¶ 13 (9th Dist.). Accordingly, we are compelled to remand the matter to the juvenile court for a full

consideration of whether the evidence A.P. presented establishes he was "confined" at Hittle House pursuant to R.C. 2152.18(B).

{¶27} We, therefore, reverse and remand for the trial court to make a factual finding in the first instance as to whether A.P. was "confined" pursuant to R.C. 2152.18(B) when at the Hittle House. A.P.'s assignment of error is sustained on this basis.

### III.

{¶28} For the reasons set forth above, this Court reverses and remands for the trial court to make a factual finding as to whether A.P. was "confined" when at Hittle House pursuant to R.C. 2152.18(B).

Reversed and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

CARR, J.
DISSENTING.

{¶29} I respectfully dissent. I agree with the juvenile court that A.P. "was not sent to Hittle House [pursuant to this case], nor was his time there extended by[] this case." Even if the trial court erred in this determination, Appellant did not establish that his time at Hittle House constituted confinement.

> [W]hen a defendant seeks jail-time credit for time he spent at a facility other than jail, the question is whether his time at that facility was sufficiently restrictive to constitute confinement[.] If sufficiently restrictive, time served in a non-jail facility will be awarded as jail-time credit. It is a defendant's burden to present evidence that demonstrates his level of participation at a facility.

(Internal quotations and citations omitted.) *State v. Ladow*, 2020-Ohio-3954, ¶ 7-8 (9th Dist.).

{¶30} Appellant had the burden to present evidence demonstrating that he was entitled to credit for his time at Hittle House. Because Appellant failed to present evidence demonstrating his level of confinement there at Hittle House, I would affirm the trial court's judgment.

APPEARANCES:

TIMOTHY B. HACKETT, Assistant State Public Defender, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.